Bruce W. Kelley, NV Bar No. 7331
Eron Z. Cannon, NV Bar No. 8013
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, NV  89113
Telephone:    (702) 949-1100
Facsimile:    (702) 949-1101
bruce.kelley@mccormmickbarstow.com
eron.cannon@mccormickbarstow.com
Attorneys for Plaintiffs

(SPACE BELOW FOR FILING STAMP ONLY)

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY COMPANY and ALLSTATE INDEMNITY COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>OBTEEN N. NASSIRI, D.C., JENNIFER NASSIRI, ALBERT NOORDA, M.D., ADVANCED ACCIDENT CHIROPRACTIC CARE, DIGITAL IMAGING SERVICES aka DIGITAL IMAGING SERVICES, LLC, MARYLAND MEDICAL CENTER, LLC,<br><br>Defendants. | CASE NO. 2:08-cv-00369-JCM-GWF<br><br>**QUALIFIED PROTECTIVE ORDER** |

     WHEREAS, Plaintiffs are seeking the production of records which Defendants contend constitute Protected Health Information ("PHI") and Defendants are seeking the production of records which Plaintiffs contend constitute PHI about third parties that is protected by the Health Insurance Portability and Accountability Act of 1996;

     WHEREAS the parties wish to prevent the possibility of any misuse or unnecessary disclosure of PHI;

     WHEREAS, while PHI is generally private information, 45 C.F.R. § 164.512 expressly allows for the disclosure of PHI in the course of any judicial proceeding either in

response to (1) a discovery request where the parties have agreed upon a protective order and have presented it to the court, or (2) a court order.

IT IS THEREFORE ORDERED, that the following procedures designed to ensure the protection of PHI shall govern all forthcoming pre-trial discovery proceedings:

1. Defendants and Plaintiffs shall produce all medical records for each listed claimant/patient relating to the injuries that were the subject of the patient's claim up to the date the claim was resolved.

2. Any and all documents, materials or information produced in discovery in this matter and designated as being PHI pursuant to HIPAA, such documents, materials or information, including any copies, recordings, discs, prints, negative, summaries, or contents or substance thereof, are subject to this Protective Order and are confidential.

3. This PHI may be shown, or its contents disclosed only to the following persons:

    (a) Counsel of record in this action and counsel's agents and employees;

    (b) Any expert used as a consultant or intended to be called as a witness who is retained by counsel of record to assist in the preparation and/or trial of this case;

    (c) The parties to this action and their agents and employees; and

    (d) The jury and members of the Court as necessary for a complete adjudication of this matter.

PHI designated as subject to this Protective Order shall not be disclosed or shown to any other person or entity unless or until the side wishing to make such disclosure informs the other side and gives them a reasonable time to object, at least thirty (30) calendar days. In the event of objection, the parties' respective counsel of record will make a good faith effort to resolve the dispute informally before filing any motion with the above-entitled Court relating to said dispute. If an objection is made in writing, the PHI shall not be disclosed until the Court has issued a decision determining that disclosure of the document is appropriate.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD., #350
LAS VEGAS, NV 89113

03246/01462-1609374.v1

2

QUALIFIED PROTECTIVE ORDER

4. PHI designated as subject to this Protective Order or any information derived therefrom shall be used solely for the purpose of assisting counsel of record in connection with this litigation and not for any business purpose or any other purpose whatsoever or for any other litigation matter. The PHI shall be used by counsel only for purposes of this litigation and for no other purpose. Any party receiving PHI shall return the PHI, including all copies made, to the party providing the PHI, at the conclusion of the litigation or proceeding.

5. The parties may object to the disclosure of any PHI on any ground that it/he/she may deem appropriate, and any party or non-party may, upon motion, seek relief from, or modification of, this Protective Order based on a showing of good cause.

6. The designation of any information as "PHI" pursuant to this Protective Order is intended solely to facilitate the preparation of this case for trial, and treatment by the other party in conformity with such designation shall not be construed in any way as an admission or agreement by such opposing counsel or party that the designated information contains any PHI in contemplation of law. No party shall be obligated to challenge the propriety of any designation by the opposing party, and a failure to do so shall not preclude a subsequent attack on the propriety of any PHI designation. Any party may request a hearing in the United States District Court, District of Nevada, challenging any party's classification of information as PHI.

7. If PHI is improperly disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately inform the other parties of all pertinent facts relating to such disclosure, including the name and address of each person to whom disclosure was made, and shall make reasonable efforts to prevent further disclosure by said authorized person(s).

//
//
//
//
//
//

8. The United States District Court, District of Nevada shall retain jurisdiction to enforce the Protective Order after the termination of this action and that the Court may award attorneys fees and costs in any proceeding to enforce the Protective Order pursuant to FRCP 37.

**IT IS SO ORDERED**

Dated: August 26, 2010

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

Dated: August 25, 2010

Respectfully Submitted by:

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: _____
Bruce W. Kelley, NV Bar No. 7331
Eron Z. Cannon, NV Bar No. 8013
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113
Attorneys for Plaintiffs

APPROVED AS TO FORM AND CONTENT:

Dated: August 25, 2010

AGWARA & ASSOCIATES

By: _____//S//_____
Liborius Agwara, NV Bar No. 7576
1058 E. Sahara Ave., #B
Las Vegas, NV 89104
Attorney for Defendants
OBTEEN N. NASSIRI, DC, JENNIFER NASSIRI, ADVANCED ACCIDENT CHIROPRACTIC CARE, DIGITAL IMAGING SERVICES aka DIGITAL IMAGING SERVICES, LLC

1  Dated: August 25, 2010                       SCHUERING ZIMMERMAN SCULLY
2                                                   TWEEDY & DOYLE, LLP
3
4                                      By:_____//S//_____
                                          THOMAS J. DOYLE, ESQ.
5                                          Nevada Bar No. 1120
                                           400 University Avenue
6                                          Sacramento, California 95825
                                           Attorney for Defendants
7                                          ALBERT NOORDA, MD
                                           & MARYLAND MEDICAL CENTER
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD., #350
LAS VEGAS, NV 89113

03246/01462-1609374.v1                          5
                              QUALIFIED PROTECTIVE ORDER

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 8337 West Sunset Road, Suite 350, Las Vegas, Nevada 89113. On August 26, 2010, I served the within documents:

### QUALIFIED PROTECTIVE ORDER

☒ **BY ELECTRONIC SUBMISSION:** submitted to the above-entitled Court for electronic filing.

| | |
|---|---|
| Thomas J. Doyle, Esq.<br>Brett Schoel, Esq.<br>SCHUERING ZIMMERMAN & DOYLE, LLP<br>400 University Avenue<br>Sacramento, California 95825-6502<br>(916) 567-0400 Tel<br>(916) 568-0400 Fax<br>*Attorneys for Defendants Albert Noorda, M.D. & Maryland Medical Center, LLC* | Kim Mandelbaum, Esq.<br>MANDELBAUM, SCHWARZ, ELLERTON & MCBRIDE<br>2012 Hamilton Lane<br>Las Vegas, Nevada 89106<br>(702) 367-1234 Tel<br>(702) 367-1978 Fax<br>*Attorneys for Defendants Albert Noorda, M.D. & Maryland Medical Center, LLC* |
| Kevin J. Lesinski, Esq.<br>Patty H. Lee, Esq.<br>SEYFARTH, SHAW LLP<br>560 Mission Street, Suite 3100<br>San Francisco, CA 94105<br>(415) 397-2823 Tel<br>(415) 397-8549 Fax<br>*Attorneys for Counterdefendants Allstate Insurance Company, Allstate Property & Casualty Insurance Company and Allstate Insurance Company* | Liborius I. Agwara, Esq.<br>AGWARA & ASSOCIATES<br>1058 East Sahara Avenue #B<br>Las Vegas, NV 89104<br>(702) 385-4800<br>(702) 737-7705<br>*Attorneys for Defendants/Counterclaimants/Third-Party Plaintiffs Obteen N. Nassiri, D.C., Jennifer Nassiri, Advanced Accident Chiropractic Care, Digital Imaging Services aka Digital Imaging Services, LLC* |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of Nevada that the above is true and correct. Executed on August 26, 2010, at Las Vegas, Nevada.

_____
An Employee of McCormick Barstow LLP

03246/01462-1372815.v1
03246/01462-1452404.v1

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
P.O. Box 28912
Fresno, CA 93729-8912