# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALLSTATE INSURANCE COMPANY, *et al.*,

          Plaintiffs,

vs.

OBTEEN N. NASSIRI, D.C, *et al.*,

          Defendants.

Case No.  2:08-cv-00369-JCM-GWF

**ORDER**

      This matter is before the Court on Defendants Obteen Nassiri, D.C., Jennifer Nassiri, Advanced Accident Chiropractic Care and Digital Imaging Services' (hereinafter collectively referred to as the "Nassiri Defendants") Motion to Strike Plaintiff's Claim for Damages, Enter Default and Strike Plaintiff's Complaint (#211), filed on August 15, 2010; Co-Defendants Albert Noorda, M.D. and Marland Medical Center, LLC's Joinder in the Nassiri Defendants' Motion (#212), filed on August 18, 2010;  Plaintiffs' Opposition to the Nassiri Defendant's Motion to Strike Plaintiff's Claim for Damages, Enter Default and Strike Plaintiff's Complaint (#228), filed on September 1, 2010; and the Nassiri Defendants' Reply to Response to Motion to Strike Plaintiff's Claim for Damages, Enter Default and Strike Plaintiff's Complaint (#236), filed on September 13, 2010.  The Court conducted a hearing in this matter on November 30, 2010.

## BACKGROUND

      On March 20, 2008, Plaintiffs Allstate Insurance Company, Allstate Property & Casualty Company and Allstate Indemnity Company (hereinafter collectively referred to as "Allstate") filed a 42 page "Complaint for Damages and Demand for Jury Trial" (#1) against the Defendants alleging federal and state statutory and common law causes of action.  In summary, Plaintiffs allege that Defendants provided unnecessary chiropractic or medical treatment to numerous patients who

were allegedly injured in automobile accidents. Many of those patients were either referred to Defendants by the same attorney or were referred by Defendants to that attorney. *Complaint (#1)*, ¶ 25. The patients subsequently made claims for bodily injury damages against Plaintiffs' insureds. Plaintiffs allege that they made inflated settlement payments because of Defendants' unnecessary, unreasonable and fraudulent diagnoses and treatments.

The complaint provided significant factual detail about the chiropractic or medical treatments that Plaintiffs allege were unnecessary, unreasonable and/or fraudulent. *Complaint (#1)*, ¶¶ 19-114. It provided specific descriptions of the diagnosis and treatment of numerous individual claimants who were identified by their initials. It is evident from the complaint and subsequently disclosed information that Plaintiffs conducted a detailed review of the medical records of the claimants and obtained a preliminary expert opinion regarding the allegedly unnecessary or fraudulent treatment provided to those claimants. The complaint, however, was vague as to the total number of claimants involved in the case and the amount of damages sought by Plaintiffs. In this regard, paragraph 63 alleged that there were approximately 300 claimants. Plaintiffs simply alleged damages in excess of $75,000.00. *See e.g.* ¶168.

Plaintiffs served their initial Rule 26(a) disclosures on or about July 21, 2008. *Motion (#211), Exhibit "1," Plaintiffs' Initial Disclosures Pursuant to FRCP 26(a)(1).* The disclosure also stated that there were approximately 300 underlying claimants, but provided no information as to the amount of overpayment damages sought by Plaintiffs. The action was thereafter stayed until November 2008 pending the decision on Defendants' motions to dismiss. The action was again partially stayed until July-August 2009 because the Nassiri Defendants filed for bankruptcy. During those stay periods, the parties engaged in unsuccessful settlement negotiations.

Prior to June 28, 2010, Defendants did not raise the issue of Plaintiffs' failure to provide a computation of damages. On that date, however, the Nassiri Defendants' counsel sent a letter to Plaintiffs' counsel demanding that they provide a computation of damages in accordance with their obligations under Fed.R.Civ.Pro. 26(a). *Motion (#211), Exhibit "2."* Plaintiffs' attorney responded to Defendants' counsel on July 6, 2010 as follows:

. . .

> Under Rule 26, as discovery proceeds, Allstate is required to supplement its initial damages computation to reflect the information obtained through discovery. *CCR/AG Showcase Phase I Owner, L.L.C. v. United Artists Theatre Circuit, Inc.*, 2010 U.S. Dist. LEXIS 56137 (D. Nev. May 13, 2010). "A computation of damages may not need to be detailed early in the case before all relevant documents or evidence has been obtained by the plaintiff." *Id.* Here, as you know, we have not yet deposed all of the parties, nor have we received the medical records of the underlying claimants.
>
> However, we will try to get you a more detailed computation of Allstate's damages, including the names of the underlying claimants within the next two weeks.

*Motion (#211), Exhibit "3."*

Plaintiffs' counsel did not provide a damages computation within the next two weeks as he indicated he would try to do. There was no further direct communication between counsel about Plaintiffs' computation of damages before the Nassiri Defendants filed their instant motion on August 15, 2010. The Nassiri Defendants, however, raised the Plaintiffs' failure to provide a damages computation in their August 5, 2010 response to Plaintiffs' motion for production of HIPAA protected records. *See Response (#204)*, pages 3-4. In their *Reply (#206)*, page 6, filed on August 9, 2010, Plaintiffs stated that "Allstate has already agreed to supplement their Rule 26 disclosures despite the limited discovery which has taken place in this matter. Should Defendants believe that this supplement is incomplete, then they should file an appropriate motion."

On or about August 16, 2010, Plaintiffs disclosed the August 13, 2010 report of their expert witness Craig S. Little, D.C. *See Plaintiffs' Reply (#217), Attachment "1"*. Dr. Little's report states that he originally reviewed the medical records of 27 claimants who were treated by Defendant Advanced Accident Chiropractic ("AAC") and prepared an October 31, 2007 report of his findings. Dr. Little's August 13th report stated that he has reviewed the medical records of 157 claimants. His report contains a chart which lists the total chiropractic expenses for each claimant and the much lower amount of chiropractic expenses that Dr. Little believes were reasonable. According to Dr. Little's chart, the total chiropractic expenses billed by AAC for the 157 claimants was $791,330.00. The total amount of reasonable chiropractic expenses was $119,065.00, leaving a balance of $672,265.00 in allegedly unjustified chiropractic expenses.

. . .

Plaintiffs served their Second Supplement to Plaintiffs Initial Disclosures Pursuant to FRCP 26(a)(1) (hereinafter "Second Supplemental Disclosure") on August 17, 2010. *Plaintiff's Opposition (#228), Exhibit "D."* Plaintiffs' Second Supplemental Disclosure states that the number of underlying claims for which Plaintiffs seek recovery of damages is 158. It further identifies each claim by the claimant's name and claim number and states the estimated amount of overpayment on the claim. The total estimated overpayment for all claims is $559,000.00. *Exhibit "D."* Plaintiffs state that the estimate of overpayment damages is based "upon the discovery completed to date, and without consideration of Plaintiff's expert's opinions." It also states that Plaintiffs arrived at the damage-estimate by relying upon the advice of counsel and that the estimated damages are based on the settlement amounts Plaintiffs would likely have paid if they had known of Defendants' malfeasance at the time the claims were settled. Plaintiffs cite numerous factors that were or may be considered in evaluating and calculating the amount of overpayment on each claim. *Plaintiffs' Opposition (#228), Exhibit "E".[1]*

Plaintiffs' counsel, Bruce Kelly, stated at the November 30, 2010 hearing that he spent approximately 60 hours in preparing the damages computation. He also stated, however, that Aaron Patterson, an employee of Allstate, is the person who will testify at trial regarding Plaintiffs' damages and indicated that Mr. Patterson's testimony will be independent of counsel's computation of damages. Mr. Kelly further advised that Plaintiffs will revise their damages computation once they have the opportunity to review the complete patient files for the subject claimants that were recently produced by the Nassiri Defendants.

## DISCUSSION

Defendants argue that Plaintiffs should be sanctioned because of their failure to timely provide a computation of damages pursuant to Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil

---

[1] Plaintiffs' counsel states in his affidavit that he spoke with the Nassiri Defendants' counsel on August 18, 2010 and asked him whether in light of Plaintiffs' Second Supplemental Disclosure, he was willing to withdraw Defendants' motion. Defendants' counsel allegedly responded that he would have filed the motion for sanctions even if Plaintiffs had served their Second Supplemental Disclosure two weeks earlier.

Procedure. In addition to requesting that Plaintiffs be precluded from presenting evidence of damages, Defendants argue that Plaintiffs' default should be entered and their complaint stricken. *Motion (#211)*. Although inartfully stated, Defendants ask the Court to dismiss Plaintiffs' complaint as a sanction for its violation of Rule 26(a)(1)(A)(iii).

The Court first addresses Plaintiffs' argument that Defendants' motion should be denied because Defendants failed to meet and confer with them prior to filing the motion. Defendants' motion is one for sanctions. They do not seek an order compelling Plaintiffs to provide a damages computation. Rule 37 does not require the moving party to meet and confer with the opposing party prior to filing a motion for sanctions under Rule 37(b) or (c). *See Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008); *Sille v. Parball Corporation*, 2010 WL 2505625 (D. Nev. 2010) at *2 and *Dayton Valley Investors, LLC v. Union Pacific Railroad Co.*, 2010 WL 3829219 (D.Nev. 2010) at *2 (same). Accordingly, Defendants were not required to meet and confer with Plaintiffs before filing their motion. The Court may, however, consider the parties' efforts to resolve the dispute in determining whether and to what extent sanctions should be imposed.

Fed.R.Civ.Pro. 26(a)(1)(A) requires a plaintiff to disclose potential witnesses, documentary evidence, and a computation of its alleged damages. Rule 26(a)(1)(C) requires that the disclosures be made early in the case. A party is required to make its initial disclosures based on the information then reasonably available to it and is not excused from making disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. Rule 26(a)(1)(E). A party is also required to supplement or correct its initial disclosures, as necessary and in a timely manner, as the case proceeds. Rule 26(e)(1)(A).

In *City and County of San Francisco v. Tutor-Saliba Corporation*, 218 F.R.D. 219, 221-222 (N.D.Cal. 2003), the court noted that Rule 26 does not elaborate on the level of specificity required in the initial damages computation. *Tutor-Saliba* states that a plaintiff should provide its computation of damages in light of the information currently available to it in sufficient detail so as to enable the defendants to understand the contours of their potential exposure and make informed

5

decisions regarding settlement and discovery. The court further stated that the word "computation" contemplates some analysis beyond merely setting forth a lump sum amount for a claimed element of damages. The party must also timely disclose its *theory* of damages. *24/7 Records, Inc. v. Sony Music Entertainment, Inc.*, 566 F.Supp.2d 305, 318 (S.D.N.Y. 2008). The courts also recognize, however, that a plaintiff may not be able to provide a detailed computation of damages early in the case before all relevant documents or evidence has been obtained. A plaintiff cannot, however, simply produce documents relating to its alleged damages without explanation. *Design Strategy, Inc. v. Davis*, 469 F.3d 284 295-96 (2nd Cir. 2006); *Frontline Medical Associates, Inc. v. Coventry Health Care*, 263 F.R.D. 567, 569 (C.D.Cal. 2009). While the precise method of calculation need not be disclosed if it is properly the subject of future expert testimony, this does not relieve the plaintiff from providing reasonably available information concerning its damages computation.

Rule 37(c)(1) states that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court may order payment of reasonable expenses, including attorney's fees, caused by the failure to make disclosures, may inform the jury of the party's failure and may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(v). The burden is upon the disclosing party to show that the failure to disclose was substantially justified or harmless. The court need not find bad faith before imposing the evidence preclusion sanction. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-7 (9th Cir. 2001); *Hoffman v. Construction Protection Services*, 541 F.3d at 1180; and *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 545 (N.D. Cal. 2009).

Rule 37(c)(1) does not, however, require the district court in all instances to exclude evidence as a sanction for late disclosure that is neither justified or harmless. In *Design Strategy, Inc. v. Davis*, 469 F.3d 284 295-96 (2nd Cir. 2006), the Second Circuit noted that "Rule 37(c) itself recognizes that '[i]n addition to *or in lieu of* this [preclusion] sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.'" *Design Strategy*, 469 F.3d at 298. In exercising its discretion as to what sanction, if any, is appropriate, the

court should consider the following factors: (1) the party's explanation for the failure to comply with the disclosure requirement, (2) the importance of the excluded evidence or testimony, (3) the prejudice suffered by the opposing party as a result of having to meet new evidence and (4) the possibility of a continuance. *Id.* at 296. The Ninth Circuit has identified similar factors that the district court should consider in deciding whether to impose Rule 37(c)(1)'s evidence preclusion sanction. *Wendt v. Host International, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997). *See also AZ Holding, L.L.C. v. Frederick*, 2009 WL 2432745 (D.Ariz. 2009) *5; *Galentine v. Holland America Line--Westours, Inc.*, 333 F.Supp.2d 991, 995 (W.D.Wash. 2004); *F.D.S. Marine, LLC v. Brix Maritime Co.*, 211 F.R.D. 396, (D.Or. 2001); and *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 642 (D.Haw. 2008).

      As the court in *Tutor-Saliba* noted, the cases in which courts have excluded evidence based on the failure to provide a damages computation have involved "extreme situations" in which the plaintiff did not provide a damages computation until shortly before trial or until well after the close of discovery. Cases decided since *Tutor-Saliba* in which the evidence preclusion sanction has been imposed have also involved similar extreme circumstances. *See Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175 (9th Cir. 2008); *CQ Inc. v. TXU Mining Company*, 565 F.3d 268 (5th Cir. 2009); *24/7 Records v. Sony Music Entertainment*, 566 F.Supp.2d 305, 318 (S.D.N.Y. 2008); and *Green Edge Enterprises, LLC v. Rubber Mulch Etc. LLC*, 2009 WL 1383275 (E.D.Mo. 2009). In *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 545 (N.D. Cal. 2009), the court precluded the plaintiff from materially expanding the scope of its claimed damages even though discovery had not closed. That case, however, involved somewhat unique circumstances in which the parties had engaged in massive electronic discovery based on plaintiff's limited damages theories. The court refused to permit plaintiff to materially expand the scope of its damages claims later in the discovery process because it would have required a new round of burdensome and expensive electronic discovery and resulted in further delay.

      The Court finds that the circumstances in this case do not warrant the imposition of evidence preclusion or the more serious sanctions sought by Defendants. Although Plaintiffs did not provide a computation of damages prior to August 17, 2010, Defendants were not in the dark

regarding the theory or nature of Plaintiffs' damage claims or that they were substantial in view of the factual allegations and number of claims at issue. The complaint provided substantial factual detail about the chiropractic and medical treatments that Plaintiffs allege were unnecessary and fraudulent and which resulted in the overpayment of claims. It also appears that the parties were able to engage in settlement negotiations in which offers and counter-offers were exchanged, but no settlement was reached. The Court therefore finds that Defendants were not materially harmed or prejudiced by Plaintiffs' failure to provide a damages computation prior to August 17, 2010.

The Court, however, also rejects the Plaintiffs' assertion that they could not provide even a preliminary damages computation until they obtained the claimants' complete medical records. Rule 26(a) requires a party to provide a damages computation based on the information reasonably available to the plaintiff at the beginning of the case. While the value of a preliminary damages computation is limited, it does provide the defendants with information about their potential exposure and may assist them in making more informed decisions as the case progresses. *Tudor-Saliba, supra.* Beyond that, the value of an early and preliminary computation of damages is debatable. Plaintiffs' counsel's August 17, 2010 damages computation, for example, cites so many variables that could affect the determination of overpayment that it is really nothing more than speculation. Plaintiffs also assert that the actual calculation of the damages will be provided by their person most knowledgeable, Aaron Patterson, who will apparently rely, in part, on the opinions of Dr. Little as to the amount of unnecessary medical treatment and expense in the individual claims.

Given the prior discovery disputes between the parties, the Court cannot assign complete blame to Plaintiffs for the delay in obtaining final evaluation of their damages claim. Plaintiffs must, however, act diligently to complete their expert analysis of the subject claims, provide their experts' reports and a final damages computation. If Plaintiffs fail to do so by the expert disclosure deadline, then a motion to preclude them from introducing damages evidence at trial will likely be granted. Plaintiffs should also be aware that the type of speculative damages computation provided by Plaintiffs' counsel on August 17, 2010 is not adequate.

. . .

Although the Court could impose monetary sanctions on Plaintiffs for failing to timely provide a damages computation in response to Defendants' counsel's June 28, 2010 demand, the Court will excise its discretion and decline to do so. This case has degenerated into accusations and cross-accusations of discovery misconduct between Plaintiffs' counsel and the Nassiri Defendants' counsel. The Court could award attorneys fees and costs to both sides on their respective motions. Rather than do so at this point, the Court will instead caution the parties' counsel that it possesses the authority to impose sanctions not only on the parties, but also on their attorneys should they persist in obstructive and unreasonable discovery tactics and other litigation conduct that unnecessarily delays and increases the burden and cost of this litigation. Accordingly,

**IT IS HEREBY ORDERED** that the Nassiri Defendants' Motion to Strike Plaintiff's Claim for Damages, Enter Default and Strike Plaintiff's Complaint (#211) and Co-Defendants Albert Noorda, M.D. and Marland Medical Center, LLC's Joinder in the Nassiri Defendants' Motion (#212) are **denied,** without prejudice.

DATED this 16th day of December, 2010.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge