# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALLSTATE INSURANCE COMPANY, *et al.*,

          Plaintiffs,

vs.

OBTEEN N. NASSIRI, D.C, *et al.*,

          Defendants.

Case No. 2:08-cv-00369-PMP-GWF

**ORDER**

**Motion to Disqualify McCormick, Barstow, Sheppard, Wayte & Carruth, LLP (#254)**

       This matter is before the Court on Defendants' Motion to Disqualify McCormick, Barstow, Sheppard, Wayte & Carruth, LLP (#254), filed on November 29, 2011 and Plaintiffs' Response to Defendants' Second Motion to Disqualify McCormick, Barstow, Sheppard, Wayte & Carruth, LLP (#256), filed on December 3, 2011. Defendants did not file a reply brief in support of their motion.

## BACKGROUND AND DISCUSSION

       Defendants Obteen Nassiri, D.C., Jennifer Nassiri, Advanced Accident Chiropractic Care and Digital Imaging Services (the "Nassiri Defendants") have for a second time moved to disqualify Plaintiffs' counsel McCormick, Barstow, Sheppard, Wayte & Carruth, LLP (hereinafter "McCormick Barstow") on the grounds that attorneys for this law firm are necessary trial witnesses to facts and circumstances regarding the bodily injury claims and settlements that are the subject matter of Plaintiffs' complaint. The Nassiri Defendants' previous motion to disqualify was based on the assertion that McCormick Barstow was retained by Allstate to represent its insureds in some of the subject claims and advised Allstate in making settlements in those claims. The Court denied the previous motion based on Plaintiffs' and their counsel's representation that none of underlying claims on which Plaintiffs are suing Defendants include claims in which Allstate insureds were represented by McCormick Barstow.

The instant motion to disqualify is based on the fact that Plaintiffs' counsel, Bruce Kelley, prepared Plaintiffs' Fed.R.Civ.Pro. 26(a) damages computation that was provided to Defendants in August 2010. The Nassiri Defendants argue that by virtue of this damages computation, Mr. Kelley is Plaintiffs' sole witness or expert as to their alleged damages for overpayment of settlements. Mr. Kelley represented to the Court at the hearing on November 30, 2010, however, that Plaintiffs' damages witness is Aaron Patterson. Mr. Kelley further represented that Mr. Patterson's testimony regarding Plaintiffs' claimed damages will be based on his own knowledge and expertise, and will not simply be a parroting of a computation provided to him by Mr. Kelley or other lawyers from McCormick Barstow.

In *United States v. Walker River Irrigation Dist.*, 2006 WL 618823 (D. Nev. 2006), the court stated that "[d]isqualification is a 'drastic measure which courts should hesitate to impose except when absolutely necessary[,]' *Freeman v. Chicago Musical Instrument Co.,* 689 F.2d 715, 721-22 (7th Cir.1982), because it takes away one party's ability to chose his own representation, and it is often a tactic used to create delay or harassment, *Miller v. Alagna,* 138 F.Supp.2d 1252, 1258-59 (C.D.Cal.2000). Motions to disqualify are therefore subject to strict judicial scrutiny, *Optyl Eyewear Fashion Intern. Corp. v. Style Companies, Ltd.,* 760 F.2d 1045, 1050 (9th Cir.1985), and courts have wide discretion in their rulings to further the interests of fairness to all parties, *Int'l Bus. Mach. Corp. v. Levin,* 579 F.2d 271, 279 (3d Cir.1978)." Close cases, however, are resolved in favor of disqualification. *In-N-Out Burger v. In & Out Tire & Auto, Inc.*, 2008 WL 2937294 at *2 (D.Nev. 2008), citing *Palmer v. Pioneer Ins. Assocs.*, 19 F.Supp.2d 1157, 1162 (D.Nev. 1998). *See also Nevada Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 123 Nev. 44, 152 P.3d 737, 743 (2007).

The Court finds that there is no basis for disqualifying Mr. Kelley or McCormick Barstow so long as Plaintiffs' computation of their damages is based on the opinions and calculations of Mr. Patterson or other witnesses, and such opinions and testimony are not simply on the opinions of the Plaintiffs' counsel. Accordingly,

. . .

. . .

. . .

. . .

**IT IS HEREBY ORDERED** that Defendants' Motion to Disqualify McCormick, Barstow, Sheppard, Wayte & Carruth, LLP (#254) is **denied**.

DATED this 19th day of January, 2011.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE