# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALLSTATE INSURANCE COMPANY, *et al.*,

                Plaintiffs,

vs.

OBTEEN N. NASSIRI, D.C, *et al.*,

                Defendants.

Case No. 2:08-cv-00369-PMP-GWF

**ORDER**

**Motion to Compel Discovery Responses - #245**

      This matter is before the Court on Plaintiffs' 1) Motion to Compel Discovery Responses from Defendants Obteen Nassiri, D.C., Jennifer Nassiri, Advanced Accident Chiropractic Care and Digital Imaging Services (the "Nassiri Defendants"); 2) Motion for Fees and Costs; and 3) the Court and Judicial Economy Would be Well Served by Appointing a Special Master  (#245 and #246), filed on October 27, 2010; the Nassiri Defendants' Response to Plaintiffs' Motion to Compel (#252), filed on November 27, 2010; and the Plaintiffs' Reply (#253), filed on November 29, 2010.  The Court conducted a hearing in this matter on November 30, 2010.

## BACKGROUND AND DISCUSSION

      Plaintiffs filed a prior motion to compel the Nassiri Defendants to provide responses to written discovery requests. *See Motion to Compel (#197).*  At a hearing conducted on August 12, 2010, the Court stated that several of Plaintiffs' discovery requests were vague and overbroad and the parties should meet and confer in a good faith effort to clarify and narrow the scope of the discovery requests and provide responses as appropriate.  Although counsel for the parties did confer to some extent, they were not able to resolve their differences.  Accordingly, Plaintiffs filed the instant motion to compel on October 27, 2010.  Plaintiffs' motion was unclear as to which

discovery requests they sought further responses. The motion still appeared to request an order compelling Defendants to respond to requests that the Court had previously stated were vague, overbroad and unenforceable. Based on Plaintiffs' Reply brief (#253) and the discussion during the November 30th hearing, however, Plaintiffs sought further responses to a limited number of discovery requests which the Court now rule on as follows:

First, Plaintiffs requested that the Court order the Nassiri Defendants to produce patient files for the subject 158 claims pursuant to the qualified protective order entered by the Court. Shortly before the November 30th hearing, the Nassiri Defendants' counsel delivered a compact disc(s) to Plaintiffs' counsel which purportedly contained the patient files. Plaintiffs' counsel did not have an opportunity to review or inspect the produced files prior to the hearing to determine whether they were complete. Absent some further motion by the Plaintiffs relating to the patient files, however, this portion of Plaintiffs' motion to compel appears to be resolved. To the extent that Defendants have not produced the patient files in compliance with the Court's previous orders, they should do so.

Second, Plaintiffs served Interrogatory No. 5 on Defendant Advanced Accident Chiropractic Care which asked it to "identify any and all business relationships YOU have with any other party." Plaintiffs also served Requests for Production No. 6 on Defendants Advanced Accident Chiropractic and Obteen Nassiri, D.C. for production of "all documents that reference any business relationship you have with any other party in this case." While these discovery requests were vague and overbroad, Plaintiffs clarified and narrowed the requests to seek information relating to any ownership interests that the entity or individual Defendants had or have in each other, and/or whether individual Defendants were officers, directors, or employees of other Defendants. Plaintiffs also seek documents evidencing such ownership interests such as contracts, agreements, copies of stock certificates, employment contracts, or lists of officers and directors, etc. With that understanding, the Court grants Plaintiffs' motion to compel Defendant Advanced Accident Chiropractic Care to further answer Interrogatory No. 5 and for Defendants Advanced Accident Chiropractic and Obteen Nassiri, D.C. to further respond to Requests for Production No. 6 served on each of them.

Third, Plaintiffs seek to compel Defendants Advanced Accident Chiropractic Care and Digital Imaging Services to further respond to Interrogatory No. 4 by identifying the names, job duties and job descriptions of their employees from 2003 to 2008. Defendants partially responded to Interrogatory 4 by listing the names of employees, but did not indicate whether the list was complete. Nor did Defendants state the job duties or job descriptions of such employees. The Court grants Plaintiffs' motion to compel Defendants Advanced Accident Chiropractic Care and Digital Imaging Services to supplement their answers to Interrogatory No. 5 and provide a complete list of all employees between 2003 and 2008 with a description of the individual employees' job duties and job descriptions.

Fourth, Plaintiffs seek to compel Defendants Advanced Accident Chiropractic Care and Digital Imaging Services to further respond to Interrogatory No. 9 which asked Defendants to identify any and all promotions engaged in by Defendants to generate patient flow for the calendar year 2003 to the present. Defendants very generally responded to this interrogatory. The Court grants Plaintiffs' motion and requires that the Defendants provide a more complete description of the type of promotions and/or advertising they engaged in between 2003 and 2008.

Fifth, Plaintiffs seek to compel Defendant Obteen Nassiri to provide a list of ten cases that did not involve Allstate in which Dr. Nassiri was deposed. During the hearing on this motion, Defendant's counsel indicated that Dr. Nassiri can provide such a list and the Court therefore orders Dr. Nassiri to do so.

Sixth, Plaintiffs seek to compel Defendants Advanced Accident Chiropractic Care and Digital Imaging Services to further respond to Interrogatory No. 2 and provide a list of their business telephone numbers or produce their telephone records for the period 2003 to 2008. The Court orders that Defendants provide Plaintiffs with their business telephone numbers for the time period 2003 to 2008. The Court finds, however, that the request for production of all of Defendants' business telephone records is overbroad. Production of Defendants' telephone call records should be reasonably limited to relevant records. *See State Farm Mutual Auto. Ins. Co. v. CPT Medical Services, P.C.*, 375 F.Supp.2d 141, 156 (E.D.N.Y. 2005) (limiting production to records regarding phone calls between defendants). Because Plaintiffs have not identified for what

3

purpose they seek Defendants' telephone records, the Court will not attempt to impose such a relevancy limitation other than to state that the telephone records should be limited to those that have some bearing on the claims or defenses in this case. Plaintiffs should further confer with Defendants regarding the scope of the telephone call records they seek. If the parties cannot resolve this issue, then Plaintiffs may reapply for an order compelling production of Defendants' telephone records shown to be relevant within the meaning of Fed.R.Civ.Pro. 26(b). To the extent production is hereafter ordered, Defendants will also only be required to produce telephone records in their possession, custody or control. Otherwise, Plaintiffs may subpoena the records from the telephone service providers. To lessen the burden on the telephone service provider(s), the subpoena should provide that the telephone records will be delivered to Defendants' counsel, who should then review the records and identify those which are within the relevant categories to be provided to Defendants.

Seventh, Plaintiffs seek to compel Defendant Obteen Nassiri to supplement his answer to Interrogatory No. 10 and identify all documents that he would generate during the treatment of a patient. Defendant Nassiri responded by stating that he generated Soap notes. To the extent Dr. Nassiri generated any other documents during treatment of patients, he is ordered to supplement his answer to Interrogatory No. 10.

Eighth, Plaintiffs seek to compel the Nassiri Defendants to identify all specific businesses in which they were partners or owners. See Interrogatory No. 7 to all Nassiri Defendants. To the extent Defendants have not fully answered this interrogatory, they are ordered to do so.

Ninth, Plaintiffs ask the Court to order Defendants to respond to Plaintiffs' Second and Third Requests for Production of Documents seeking production of financial information from the Nassiri Defendants. This Court previously ordered Dr. Obteen Nassiri to answer questions at deposition about his financial condition. *See Minutes of Proceedings (#231)*, September 2, 2010. That order still stands. Plaintiffs state in their motion that following the September 2, 2010 hearing, they served a Second Set of Requests for Production on each of the Nassiri Defendants for production of their federal income tax returns from 2003 to 2008. Plaintiffs also state that they served a Third Set of Requests for Production asking Defendants to produce various categories of

4

financial documents for the period from July 2008 to the present. The time for responding to the Third Set of Requests for Production had not expired at the time Plaintiffs filed the instant motion.

Plaintiffs did not attach a copy of either the Second or Third Set of Requests for Production or the responses thereto to their motion. Nor did they set forth the text of the requests and responses in their motion. As such, Plaintiffs did not comply with Local Rule (LR) 26-6 which requires that all motions to compel discovery or for a protective order "set forth in full the text of discovery originally sought and the response thereto, if any." The Court will not grant a motion to compel which does not comply with this basic requirement. In addition, Plaintiffs' motion was premature as to the Third Request for Production which had not come due for response at the time Plaintiffs' motion was filed.

This stated, the Court would like to avoid the need for a further motion to compel on this topic. The Court therefore provides the following guidance to Plaintiffs and Defendants in regard to production of documents and information relating to Defendants' financial condition. "'A defendant's financial condition is relevant to the pursuit of punitive damages.'" *United States v. Autumn Ridge Condominium Assoc.*, 265 F.R.D. 323, 327 (N.D. Ind. 2009), quoting *Platcher v. Health Professionals, Ltd.*, 2007 WL 2772855, at *2 (C.D. Ill. 2007). Most courts do not require the plaintiff to make a prima facie showing of merit on its punitive damage claim before permitting discovery of a defendant's net worth. *Autumn Ridge*, 265 F.R.D. at 328. Although only the defendant's current financial condition is relevant to the issue of punitive damages, the courts permit some retrospective discovery regarding the defendants' financial affairs. In regard to the time period for which discovery may be sought and the nature of the information and documents that should be produced, *Autumn Ridge* states:

> Other district courts addressing this issue have concluded that financial records over approximately the past two years is sufficient to establish a defendant's current net worth. *See E.E.O.C. v. California Psychiatric Transitions,* 258 F.R.D. 391, 395 (E.D.Cal.2009) (permitting disclosure of financial statements from 2007 and 2008, and any information available through 2009); *S. California Hous. Rights Ctr.,* 2006 WL 4122148, at *2 (limiting discovery of financial documents to time period of 2004 through mid-2006); *Lane v. Capital Acquisitions,* 242 F.R.D. 667, 670 (S.D.Fla.2005) (limiting discovery of financial documents to period of 2003 through mid-2005). Accordingly, the Court will limit

discovery of all the requested financial documents to a period from January 1, 2007, to the present. *See Raiser v. O'Shaughnessy,* No. 92 C 286, 1992 WL 309541, at *1 (N.D.Ill. Oct. 21, 1992) (limiting discovery of financial documents, comprised of "loan applications, credit card applications, mortgage applications, stockbrokers' reports, investment reports or other documents or financial records that list or describe assets owned" by the defendant, to "the most recent" documents that disclose the defendant's assets and liabilities).

In *Southern California Housing Rights Center v. Krug*, 2006 WL 4122148 (C.D.Cal. 2006), the court also limited discovery of defendants' financial information to a two year period and held that plaintiff was entitled to obtain the following types or categories of documents: Documents which identify and provide information about the value of all property and other assets owned, in whole or in part by the defendants, profit and loss statements, balance sheets that relate to assets, inventories, liabilities, gross and net income and amount of any undistributed business profits. The court denied the plaintiff's request for production of defendants' income tax returns on the grounds that although tax returns are relevant to determining a defendant's net worth, a court should not order their disclosure unless the relevant information contained therein is not otherwise readily obtainable. *Id.* at *3, citing *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006) and *Hilt v. S.F.C. Inc.*, 170 F.R.D. 182, 189 (D. Kan. 1997). The court reserved the option to order production of tax returns if the other financial information provided by the defendants was not adequate to show their net worth.

In this case, Defendants have provided 2007 and 2008 tax returns for Obteen Nassiri, Jennifer Nassiri and Advanced Accident Chiropractic Care. *See Motion (#245)*, pages 6-7, n. 1. Plaintiffs are entitled to more recent information regarding the Defendants' financial conditions in 2009 and 2010 for purposes of determining their current net worth.

The Court apparently stated during the hearing on September 2, 2010 that Plaintiffs should be able to obtain discovery regarding the entity or corporate Defendants' financial information for the five year period from 2003 to 2008. At the time of the hearing, Plaintiffs had not served written requests for production of financial information upon Defendants and there was no actual motion regarding production of documents relating to Defendants' financial conditions. Having considered this matter further, the Court does not find good reason to provide a longer retrospective discovery

period in regard to the entity Defendants' current net worth for purposes of a possible punitive damages award.[1]  Should this matter be brought before the Court again on a motion to compel, the Court will likely limit such discovery to the period from March 20, 2008 (the date Plaintiffs' complaint was filed) to the present.  Generally, Plaintiffs are entitled to discover the type of documents or information described in *Autumn Ridge* and *Southern California Housing Rights Center v. Krug*.  To the extent that adequate information regarding Defendants's net worth cannot be provided without disclosure of their federal income tax returns, then additional returns should be produced.

While the Court does not, at this time, order Defendants to provide financial information in response to Plaintiffs Second and Third Requests, Defendants should not view this as an excuse for not providing financial records and information responsive to Plaintiffs' requests.  Rule 37(a)(5)(A) provides that if a motion to compel is granted, the court must award the movant its reasonable expenses incurred in making the motion, including attorney's fees, unless the opposing party's response or objection was reasonably justified or other circumstances make an award of fees unjust.  In light of the Court's foregoing statements about the financial discovery that Plaintiffs are entitled to obtain, the Court is likely to award Plaintiffs' reasonable expenses, including attorney's fees, should they be required to pursue a motion to compel discovery that the Court has already indicated should be provided.

Plaintiffs' motion also requested that the Court appoint a special master to oversee discovery.  For the reasons stated at the hearing, the Court finds that there is no need for a special discovery master in this case and that request is denied.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Discovery Responses from Defendants Obteen Nassiri, D.C., Jennifer Nassiri, Advanced Accident Chiropractic Care and

---

[1] Plaintiffs may also be entitled to obtain documents and information from the Defendants regarding the payments or income they received for the medical treatment provided to the subject 158 patients.  Because the Court does not have a proper motion to compel before it on this issue, or information regarding the specific discovery requests served by Plaintiffs, it makes no further comment regarding this type of discovery.

7

Digital Imaging Services (the "Nassiri Defendants") (#245) is **granted**, in part, and is **denied**, in part in accordance with the foregoing provisions of this order. Defendants shall supplement their discovery responses, as ordered, within ten (10) days from the filing of this order.

**IT IS FURTHER ORDERED** that any financial information produced by the Defendants in response to Plaintiffs' discovery requests for production of financial records and information may only be used by Plaintiffs, their counsel and witnesses for purposes of this lawsuit. Such records or information may not be disclosed to third persons. At the conclusion of this action, any financial information not introduced in evidence at trial shall be destroyed or returned to Defendants' counsel.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Fees and Costs (#246) is **denied**.

DATED this 21st day of January, 2011.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE