# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALLSTATE INSURANCE COMPANY, *et al.*,

        Plaintiffs,

vs.

OBTEEN N. NASSIRI, D.C, *et al.*,

        Defendants.

Case No. 2:08-cv-00369-PMP-GWF

**ORDER**

**Motion to Compel - #266**
**Counter-motion to Quash - #274**

This matter is before the Court on Plaintiffs' Motion to Compel the Deposition of Adam Kutner (#266), filed on January 24, 2011; Adam Kutner's Opposition to Plaintiffs' Motion to Compel the Deposition and Counter-motion to Quash Subpoena (#273), filed on February 10, 2011; Plaintiffs' Reply to Adam Kutner's Opposition to Plaintiffs' Motion to Compel the Deposition (#277), filed on February 18, 2011; Plaintiffs' Response to Counter-motion to Quash Subpoena (#278), filed on February 18, 2011; and Adam Kutner's Reply in Support of Counter-motion to Quash Subpoena (#279), filed on February 28, 2011. The Court conducted a hearing in this matter on March 1, 2011.

## BACKGROUND

The Complaint in this case alleges claims against the Defendants under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and under the Nevada state RICO statute, NRS §207.400, and state common law or equitable causes of action for fraud, conspiracy, negligent misrepresentation and constructive trust and unjust enrichment. These causes of action are premised on the allegation that Defendants provided unnecessary chiropractic or medical treatment to 158 patients who were allegedly injured in automobile accidents and who subsequently made bodily injury claims against Plaintiff Allstate's insureds. Plaintiff further

alleges that approximately 100 of those patients were either referred to Defendants by the law office of attorney Adam Kutner for treatment or were referred by Defendants to Mr. Kutner for legal representation on their claims. *Complaint (#1)*, ¶ 25. According to Allstate's counsel, the Defendants provided chiropractic or medical treatment to the claimants on a lien basis and were paid for their services from the proceeds of the settlements. Allstate alleges that it made inflated settlement payments because of Defendants' unnecessary, unreasonable and fraudulent diagnoses and treatments.

In October 2010, Plaintiff served a subpoena on attorney Adam Kutner requiring him to appear for deposition on October 27, 2010. Mr. Kutner's attorney initially requested that the deposition be postponed. Plaintiff rescheduled it to December 1, 2010. On November 5, 2010, however, Mr. Kutner's attorney sent Plaintiff's counsel a letter objecting to the deposition subpoena on the grounds that Mr. Kutner would be required to disclose information protected by the attorney-client privilege, the attorney work-product doctrine and "other duties of confidentiality." Mr. Kutner also objected on the grounds he would be required to disclose confidential and proprietary business information, including trade secrets and other confidential research, development and commercial information. *Motion to Compel (#266), Exhibit B*.

In a January 5, 2011 letter, Plaintiff's counsel attempted to resolve the dispute with Mr. Kutner by listing the intended topics of inquiry, but also stating that the listed topics were "not all-inclusive" and that Plaintiff would not be bound to only the listed topic areas. *Motion to Compel (#266), Exhibit D*. Plaintiff's counsel listed the following topic areas: (1) Adam Kutner's referral arrangement with Defendants Obsteen Nassiri and Advanced Accident Chiropractic; (2) Adam Kutner's referral arrangement with Dr. LaTourette and Dr. Fazzini; (3) Adam Kutner's knowledge of and experience with Advanced Accident Chiropractic, Maryland Medical Center, Digital Imaging Solutions, Digital X-ray, Dr. Obsteen Nassiri, Dr. Edward Johnson, Dr. Gary LaTourette and Dr. Enrico Fazzini; (4) Adam Kutner's knowledge of and experience with the medical records generated by the providers listed in item (3); and (5) Adam Kutner's office interactions with owners and employees of Advanced Accident Chiropractic. Notwithstanding this list of deposition topics, Mr. Kutner continued to object to the taking of his deposition. In his opposition to the

motion to compel and counter-motion to quash, Mr. Kutner also objects on the grounds that his testimony is completely irrelevant to the issues in this lawsuit and therefore any requirement that he appear for deposition constitutes an undue burden.

**DISCUSSION**

**1.    Relevance**:    Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under this standard, relevance is broadly interpreted for purposes of admissibility. *United States v. Pollard*, 790 F.2d 1309, 1312 (7th Cir. 1986); *United States v. Miranda-Uriarte*, 649 F.2d 1345, 1353 (9th Cir. 1981).  As the Seventh Circuit in *Pollard* noted, "even if the proposition for which it is offered still seems improbable after the evidence is considered, the proffered evidence is not necessarily irrelevant."  Relevancy is even more broadly construed for purposes of discovery.  Rule 26(b)(1) of the Federal Rules of Civil Procedure authorizes discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  *Phoenix Solutions, Inc. v. Wells Faro Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008) states that "the rule contemplates discovery into any matter that bears on or that reasonably could lead to other matters that could bear on any issue that is or may be raised on the case."

   The issue in this case is whether the Defendants provided and charged for unnecessary or fraudulent chiropractic and medical treatment which resulted in the payment of inflated bodily injury claims.  The fact that Mr. Kutner represented a majority of the subject claimants and allegedly had client/patient referral arrangements with the Defendants is relevant to that issue.  Mr. Kutner's testimony could provide or lead to additional direct or circumstantial evidence that Defendants engaged in a fraudulent scheme to provide and charge for unnecessary medical treatment to the subject bodily injury claimants. Mr. Kutner's referral relationship with the

Defendants is therefore clearly relevant under the broad discovery standard of Rule 26(b).[1]

**2.     Attorney-Client Privilege and Attorney Work-Product Doctrine:** Mr. Kutner argues that the subpoena should be quashed because Plaintiff's examination will require him to disclose information protected by the attorney-client privilege or the work-product doctrine. Where federal claims are at issue, application of the attorney-client privilege is governed by federal common law. In this case, Allstate alleges causes of action against Defendants under the federal RICO statute. The Court therefore applies federal common law in regard to whether the attorney-client privilege applies. "'[A] party asserting the attorney-client privilege has the burden of establishing the [existence of an attorney-client] relationship *and* the privileged nature of the communication.'" *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010), quoting *United States v. Reuhle*, 583 F.3d 600, 607 (9th Cir. 2009). "'Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed.'" *Id.* An eight-part test determines whether information is covered by the attorney-client privilege. The privilege applies where (1) legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived. *Graf*, 610 F.3d at 1156.

The mere fact that requested information relates to an attorney-client relationship does not entitle it to protection under the attorney-client privilege. The Ninth Circuit, for example, has long held that attorney fee arrangements usually fall outside the scope of the attorney-client privilege "simply because such information ordinarily reveals no confidential professional communication between attorney and client, and not because such information may not be incriminating." *In Re Osterhoudt*, 722 F.2d 591, 593 (9th Cir. 1983). *See also Ralls v. United States*, 52 F.3d 223, 225-26 (9th Cir. 1995). The courts also hold that fee agreements are not protected from disclosure under the attorney work-product doctrine which is designed to prevent "unwarranted inquiries into the

---

[1] Plaintiff has made no allegation in the Complaint or motion to compel that Mr. Kutner or his office engaged in any fraudulent conduct. Nothing in this order should be construed as constituting such a finding.

files and mental impressions of an attorney." *Murray v. Stuckey's Inc.*, 153 F.R.D. 151, 153 (N.D.Iowa 1993); *Montgomery County v. MicroVote Corp.*, 175 F.3d 296, 304 (3rd Cir. 1999); *Henry v. Rizzolo*, 2009 WL 1886272, at *2 (D.Nev. 2009).

In this case, Allstate seeks to question Mr. Kutner about client/patient referral arrangements he had or may have had with Defendants Obsteen Nassiri and Advanced Accident Chiropractic or with other physicians. There is even less basis to conclude that an attorney's referral agreements or arrangements with non-clients are within the scope of the attorney-client privilege or work-product doctrine. Plaintiff is therefore is not precluded from questioning Mr. Kutner about his referral agreements or arrangements with Defendants or other physicians by virtue of the attorney-client privilege or attorney work-product doctrine. Mr. Kutner's counsel expresses concern that Plaintiff's counsel intends to go beyond non-privileged matters and inquire into Mr. Kutner's confidential communications with his clients about their medical or chiropractic treatment or into Mr. Kutner's opinions or thought processes regarding the necessity or potentially fraudulent nature of the chiropractic or medical treatment provided to his clients. Nothing in this order, however, precludes Mr. Kutner from objecting to and refusing to answer specific questions at deposition based on the attorney-client privilege, the attorney work-product doctrine, or other privilege that reasonably appear applicable.

**3.     Confidential Proprietary or Trade Secret Information:** Mr. Kutner also asserts that his referral agreements or arrangements with medical providers constitute confidential proprietary information or trade secrets. Mr. Kutner has not provided any authority to support this assertion. Rule 5.4 of the Nevada Rules of Professional Conduct states that a lawyer or law firm shall not share legal fees with a non-lawyer, except in certain specified matters. Client referral agreements with non-lawyers may fall within the scope of this ethical prohibition. *See Shimrack v. Garcia-Mendoza*, 112 Nev. 246, 912 P.2d 822 (1996); *In re Discipline of Drakulich*, 111 Nev. 1556, 908 P.2d 709 (1995). *See also Crook v. State*, 2004 WL 1539187 (Tex.App.-El Paso 2004) (attorney engaged in unethical conduct by paying fees to chiropractors in exchange for referrals). Providing attorneys with trade secret protection for such agreements appears to be at odds with these ethical concerns. Plaintiff has also agreed that Mr. Kutner's deposition testimony will not be

disclosed to third persons having no interest or involvement in this litigation absent an order from the Court.  Mr. Kutner therefore has no basis for refusing to answer questions at deposition regarding his referral agreements or arrangements with the Defendants or other physicians in regard to the underlying claimants who were his clients.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel the Deposition of Adam Kutner (#266) is **granted** and that Adam Kutner's Counter-motion to Quash Subpoena (#274) is **denied** pursuant to the foregoing provisions of this order.

**IT IS FURTHER ORDERED** that the parties in this action shall not disclose Mr. Kutner's deposition testimony to any third person who is not a party, attorney or witness in this action unless authorized by court order.  Nothing in this order, however, precludes any party from introducing Mr. Kutner's deposition testimony in support of a motion or at trial in this action.

DATED this 1st day of March, 2011.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE