UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALLSTATE INSURANCE
COMPANY, et al.,

       Plaintiffs,

v.

OBTEEN N. NASSIRI, D.C., et al.,

       Defendants.

2:08-CV-369 JCM (GWF)

**ORDER**

Presently before the court is non-party Adam S. Kutner's objection to the magistrate judge's ruling denying his motion to quash and granting plaintiffs' motion to compel. (Doc. #283). Plaintiffs Allstate Insurance Company et al filed an opposition. (Doc. #287). Mr. Kutner filed a reply. (Doc. #290).

The plaintiffs filed their complaint in March of 2008, alleging that the defendants engaged in making fraudulent and "unsupported diagnoses of patients to obtain unwarranted payment for unnecessary medical treatment on patients who have claims against [p]laintiffs' insureds." (Doc. #1 and #283). The complaint specifically contends that an overwhelming number of these patients were referred to the defendants from personal injury attorney Adam S. Kutner, or were referred to Mr. Kutner by the defendants. (Doc. #1). Despite this fact, the plaintiffs did not name Mr. Kutner as a party in the complaint and do not assert any claims against him or his law practice.

Recognizing that there was a referral relationship between the defendants and Mr. Kutner that would be relevant to the claims, the plaintiffs served Mr. Kutner with a subpoena in October of 2010.

James C. Mahan
U.S. District Judge

1   After discussing the matter and agreeing to reschedule the deposition, Mr. Kutner ultimately refused

2   to appear at the deposition. Subsequently, the plaintiffs filed a motion to compel the deposition (doc.

3   #266), identifying the following subject matters to be addressed: (1) Kutner's referral arrangement

4   with defendants, (2) Kutner's knowledge of and experience with the defendants, (3) Kutner's

5   knowledge of and experience with the medical records generated from defendants, and (4) Kutner's

6   office interactions with owners and employees of Advanced Chiropractic.

7       Kutner, taking the position that the information is irrelevant to any of the plaintiffs' claims

8   or the defendants' defenses in this case, filed a counter-motion to quash the subpoena (doc. #274).

9   In his counter-motion, he asserted that how the referrals were made and to whom they were made

10  "are part of the attorney's communications with the client, and necessarily includes the attorney's

11  evaluations, mental impressions and processes, personal beliefs and opinions, and other analyses

12  employed by a lawyer to evaluate the merits of a particular case and to make myriad of decisions

13  regarding litigation strategy, demands to insurers, and settlement negotiations." (Doc. #283). Further,

14  he contended that the deposition would create an undue burden.

15      On March 1, 2011, the magistrate judge held a hearing on the motion to compel (doc. #266)

16  and the counter-motion to quash (doc. #274). After hearing from both sides, the court entered an

17  order granting the motion to compel and denying the motion to quash. (Doc. #281). In the present

18  objection to the order (doc. #287), Kutner argues that the magistrate judge "erred in concluding that

19  the subjects were relevant to the [p]laintiff's claims or the [d]efendants' defenses in this action," and

20  that the "primary purposes behind the [p]laintiffs' insistence in taking his deposition are to learn of

21  [his] inter-firm processes and legal strategy to use against him and his clients..."

22  **Applicable Law**

23      When reviewing the magistrate judge's order, this court determines whether it is clearly

24  erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); Local Rule IB 3-1. There is a finding of

25  "clearly erroneous" if this court is left with "a definite and firm conviction that a mistake has been

26  committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r*

27  *IRS,* 979 F.2d 1369, 1370 (9th Cir. 1992). However, "[w]hen reviewing discovery disputes...the

28

**James C. Mahan**
**U.S. District Judge**

1  [m]agistrate is afforded broad discretion, which will be overruled only if abused." *Tafas v. Dudas*,

2  530 F. Supp. 2d 786, 792 (E.D. Va. 2008).

3  **Magistrate Judge's Order**

4  In the magistrate judge's order (doc. #281), he set out the factual history of the case, and

5  thoroughly discussed (1) relevancy of the information sought, (2) attorney-client privilege and the

6  attorney work product doctrine, and (3) issues with confidential proprietary or trade secret

7  information.

8  A.     **Relevancy**

9  Pursuant to rule 401[1] and the "broad discovery standard of [r]ule 26(b)[2]," the magistrate judge

10  held that Mr. Kutner's referral relationship with the defendants was "clearly relevant." (Doc. #281).

11  Federal Rules of Evidence 401; Federal Rules of Civil Procedure 26(b)(1). In holding this, the court

12  relied on the ruling in *Phoenix Solutions, Inc. v. Wells Fargo Bank, N.A.,* 254 F.R.D. 568, 575 (N.D.

13  Cal. 2008) that rule 26 "contemplates discovery into any matter that bears on or that reasonably

14  could lead to other matters that could bear on any issue that is or may be raised in that case."

15  Specifically, the court found that the issue in this case "is whether the [d]efendants provided

16  and charged for unnecessary or fraudulent chiropractic and medical treatment which resulted in the

17  payment of inflated bodily injury claims." (Doc. #281). Further, it held that because Kutner

18  "represented a majority of the subject claimants and allegedly had client/patient referral

19  arrangements with the [d]efendants," that his testimony is relevant to and/or could "reasonably lead

20  to" matters that bear on that issue. *Id.*

21  In his objection to the order (doc. #283), Kutner argues that the information sought is not

22  relevant, the fact that he had a referral relationship with the defendants is a known fact that needs

23  no further discovery, and the deposition would be an "undue burden." Kutner contends that how he

24  _____

25  [1] Rule 401 defines "relevant evidence" as "evidence having any tendency to make the
existence of any fact that is of consequence to the determination of the action more probable or less

26  probable than it would be without the evidence." Federal Rule of Evidence 401.

27  [2] Rule 26(b)(1) authorizes discovery regarding any non-privileged matter that is relevant to

28  any party's claim or defense.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    and/or his law office "decide[] to make referrals to medical professionals for medical evaluation and

2    treatment has nothing to do with how [d]efendants conducted their medical evaluation, diagnosis,

3    or treatment of patients." Further, he asserts that there is no information that he could provide that

4    goes to the culpability of the defendants, as they "either fabricated false records and/or provided

5    unnecessary medical treatment or they did not."

6         Despite Kutner's arguments, this court does not find that the magistrate judge's ruling on

7    relevancy was "clearly erroneous." *See United States*, 333 U.S. 364, 395; *Burdick*, 979 F.2d 1369,

8    1370. Obviously, as a substantial amount of the patients were referred by Kutner, he likely possesses

9    knowledge regarding the practices of the defendants that could "help [p]laintiffs unravel the network

10   of fraudulent treating and billing by ascertaining several vital pieces of information." (Doc. #287).

11   This court notes, as the magistrate judge did, Kutner is not a party in this matter and there is no

12   allegation of wrong-doing on his part. However, his awareness of the defendants' acts, the change,

13   if any, to the relationship once he learned of the defendants' practices, and his overall referral

14   relationship with the defendants is relevant to the claims in the complaint. Any matter unrelated to

15   the case may be objected to by Kutner's attorney at the time of the deposition.

16        **B.**    **Attorney-Client privilege and Work Product**

17        The magistrate judge relied on the eight factors set forth in *United States v. Graf,* 610 F.3d

18   1148, 1156 (9th Cir. 2010) in determining that the information sought by plaintiffs is not protected

19   by the attorney-client privilege. (Privilege applies where (1) legal advice of any kind is sought (2)

20   from a professional legal advisor in his capacity as such, (3) the communications relating to that

21   purpose, (4) made in confidence (5) by the client, (6) are at this instance permanently protected (7)

22   from disclosure by himself or by the legal advisor, (8) unless the protection is waived.).

23        Specifically, the court held that just because the referral agreement "relates to an attorney-

24   client relationship does not entitled it to protection," as the agreement is with a *non-client,* such

25   information "ordinarily reveals no confidential professional communication," and there is no legal

26   advice sought within the realm of the referral agreement. *Id.* at 1156; *In re Osterhoudt,* 722 F.2d 591,

27   593 (9th Cir. 1983) (holding that attorney fee arrangements usually fall outside the scope of the

28

**James C. Mahan**
**U.S. District Judge**

attorney-client privilege because there is no confidential information). Further, the court concluded that the attorney work-product doctrine is not implemented by the sought after information, because the plaintiffs do not seek information in client files or the mental impressions of Kutner. *Murray v. Stuckey's Inc.,* 153 F.R.D. 151, 153 (N.D. Iowa 1993).

In addition to these findings, the court recognized Kutner's fears of disclosing privileged information, and held that nothing in the order "precludes Mr. Kutner from objecting to and refusing to answer specific questions at deposition based on the attorney-client privilege, the attorney work product doctrine, or other privilege[s] that reasonably appear applicable." (Doc. #281).

Kutner objects to the magistrate judge's findings (doc. #283), and contends that the plaintiffs are merely desiring to "chill [his] enthusiasm for pursuing claims against the [p]laintiffs' insureds" by discovering his "adversary[] mental processes, strategies, and procedures..." Further, he alleges that what plaintiffs really want is to discover the reasons *why* Kutner refers clients to particular medical providers, and not the referral agreement itself. This, he asserts, "invades [his] mental process, strategy, and judgment."

In opposition, plaintiffs assure Kutner that they are not seeking information regarding *why* he refers clients to certain doctors, and have "no interest in the "opinions, judgments, and thought processes of" Mr. Kutner related to any of his clients." (Doc. #287). Moreover, plaintiffs contend that they are willing to stipulate to "not ask any questions at the deposition as to any of Mr. Kutner's specific clients, whether involved in the underlying litigation or any other lawsuit."

In light of plaintiffs' position, Kutner's ability to object and refuse to answer certain questions, and the fact that Kutner has not established that information sought regarding the referral agreement is confidential in nature or even involves the attorney-client relationship, the court does not hold that the magistrate judge's finding was erroneous. *U.S. v. Ruehle,* 583 F.3d 600, 607-608 (9th Cir. 2009) (holding that "[a] party asserting the attorney-client privilege has the burden of establishing the relationship *and* the privileged nature of the communication.")(emphasis supplied).

C.    **Confidential Proprietary/Trade Secrets**

The magistrate judge held that Mr. Kutner "has no basis for refusing to answer questions at

James C. Mahan
U.S. District Judge

- 5 -

deposition regarding his referral agreements or arrangements," and that any information requested does not constitute confidential propriety information or trade secrets. (Doc. #281). Mr. Kutner objects on the grounds that "the subpoena on its face requires [him] to...disclose confidential and propriety trade secrets and other confidential research, development or commercial information belonging to [his] law practice." (Doc. #287). However, Kutner does not provide the court with any more factual allegations or relevant law to support his assertion and makes no reference to this argument in his reply (doc. #290). Therefore, the court is inclined to affirm the magistrate judge's ruling that the deposition will not elicit any information that it is considered a trade secret or a confidential propriety.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that non-party Adam S. Kutner's objection to magistrate's ruling (doc. #283) be, and the same hereby is, DENIED.

IT IS THEREFORE ORDERED that Magistrate Judge George Foley Jr.'s order (doc. #281) is AFFIRMED.

DATED this 23rd day of June, 2011.

_____
**UNITED STATES DISTRICT JUDGE**