1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al., | 2:08-CV-369 JCM (GWF) |
| Plaintiffs, | |
| v. | |
| OBTEEN N. NASSIRI, D.C., et al., | |
| Defendants. | |

**ORDER**

Presently before the court is defendants Nassiri et al's objection to the magistrate judge's ruling granting plaintiff's motion to exclude defendants' expert witness (doc. #323). Plaintiff Allstate Insurance Company filed an opposition (doc. #331). Defendants filed a reply (doc. #336).

When reviewing the magistrate judge's order, this court determines whether it is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); Local Rule IB 3-1. There is a finding of "clearly erroneous" if this court is left with "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS,* 979 F.2d 1369, 1370 (9th Cir. 1992). However, "[w]hen reviewing discovery disputes...the [m]agistrate is afforded broad discretion, which will be overruled only if abused." *Tafas v. Dudas*, 530 F. Supp. 2d 786, 792 (E.D. Va. 2008).

Federal Rule of Civil Procedure 26(a)(2) stipulates that a party must disclose to the other parties the identity of any expert witness it may use at trial. Furthermore, Rule 26(a)(2)(B) also states that "unless otherwise stipulated or ordered by the court," this disclosure must be accompanied

**James C. Mahan**
**U.S. District Judge**

by a written report containing facts and data that the witness relies on, any exhibits that will be used to summarize or support them, the witness's qualifications, etc.  Moreover, Rule 37(c) states that if a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence "on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."

Also, when determining whether to exclude expert testimony in particular, the court considers the *Wanderer* factors.  *See Wendt v. Host Intern. Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) (citing *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990)).  In *Wanderer*, the court developed a five factor test analyzing: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the [adverse party]; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions.  *Id.*

Here, the court agrees with Magistrate Judge Foley that the plaintiff's motion to exclude defendants' expert witness should be granted.  Judge Foley and the parties agreed that the rebuttal expert disclosure deadline was March 15, 2011, and that discovery was to close one month later. The defendants planned to produce expert witness Dr. Matthew Anderson, D.C., to rebut the evidence or testimony of plaintiff's expert.  However, the defendants did not disclose an expert report pursuant to Rule 26(a) for Dr. Anderson until April 27, 2011, forty-three pays past Judge Foley's deadline.

Further, the defendants never requested an extension or offered any justification for their inability to timely produce this report.  *See Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998) (holding the district court properly excluded plaintiff's expert because plaintiff submitted his designation twenty days late, failed to provide reports and statements of his expert as required by 26(a)(2), and did not seek an extension of time).  Moreover, in considering the *Wanderer* factors, allowing the defendants forty-three days of extra time to file their expert's report would be prejudicial to the plaintiff.  The plaintiff would only have a one week window, between April 27th and May 5th, to review the report and depose the expert before the close of discovery.  Thus, because defendants failed to comply with Rule 26(a)(2), the defendants' objection to Judge Foley's ruling

**James C. Mahan**
**U.S. District Judge**

1   is hereby denied.

2       Accordingly,

3       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' objection to

4   magistrate's ruling (doc. #323) be, and the same hereby is, DENIED.

5       IT IS FURTHER ORDERED that Magistrate Judge Foley's order is AFFIRMED.

6       DATED this 5th day of August, 2011.

7

8   **UNITED STATES DISTRICT JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 3 -