# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ALLSTATE INSURANCE COMPANY, *et al.*,

                      Plaintiffs,

vs.

OBTEEN N. NASSIRI, D.C., *et al.*,

                      Defendant.

Case No.  2:08-cv-00369-JCM-GWF

**ORDER**

**Memorandum of Costs Pursuant to Court Order (#344)**

      This matter is before the Court on Defendants Albert Noorda, M.D. and Maryland Medical Center LLC's Verified Memorandum of Costs Pursuant to Court Order (#344), filed on August 3, 2011; Plaintiffs' Response to Defendant Albert Noorda, M.D. and Maryland Medical Center LLC's Verified Memorandum of Costs (#244), filed on August 17, 2011; and the Noorda Defendants' Opposition to Plaintiffs' Response to the Verified Memorandum of Costs Pursuant to Court Order (#349), filed on August 24, 2011.

      On July 21, 2011, the Court granted, in part, and denied, in part, the Nassiri Defendants' Motion to Strike Plaintiffs' Complaint (#312). *See Order (#342)*.  Although the Court concluded that Allstate should be sanctioned, it held that dismissal of Allstate's complaint or an order precluding it from introducing damages evidence at trial was too harsh a sanction.  The Court, instead, awarded the Nassiri Defendants their reasonable attorney's fees and costs incurred in pursuing their motion as a sanction for Allstate's failure to timely disclose the method or formula it used to calculate its alleged damages.  The Nassiri Defendants have requested that the District Judge partially overrule the undersigned's order and impose more severe sanctions on Allstate. *See*

*Nassiri Defendants' Motion for District Judge to Reconsider Magistrate's Ruling (#345).* That motion is pending before the Court.

Order (#342) stated that "[t]he Nassiri Defendants and the Noorda Defendants may also apply for an award of other reasonable attorney's fees and costs, if any, that they incurred as a direct result of Allstate's delay from January 24 to May 11, 2011 in disclosing the method or formula it used to calculate its alleged damages." *Order (#342), p. 11.* The purpose of that provision was to afford the Defendants the opportunity to obtain reimbursement for expenses that they would not have incurred, but for the Allstate's delay in disclosing the formula. Under this provision, it would have been proper for the Noorda Defendants to request reimbursement for attorneys fees and costs they incurred in preparing to take Mr. Patterson's deposition or in having their experts respond to Mr. Patterson's damages calculations based on the misleading information provided by Allstate that Mr. Patterson had determined the settlement value of each underlying claim pursuant to the various factors listed in Allstate's Rule 26(a) disclosures; only to find out later that Mr. Patterson had used a simple mathematical formula to calculate the settlement value of most of the claims.

As it turns out, Allstate's counsel informally advised the Noorda Defendants' counsel on April 4, 2011 that Mr. Patterson had used a formula in determining the settlement value of the underlying claims. To its recollection, the Court was not informed of this prior to reading Allstate's response to the Noorda Defendants' Verified Memorandum of Costs and the Noorda Defendant's Opposition thereto. The Court remains at a loss as to why Allstate did not formally disclose this formula at the same time it produced Mr. Patterson's damages spreadsheet in January 2011. The Court also questions how Allstate's counsel, in good faith, could have argued that the Noorda Defendants had a full opportunity to depose Mr. Patterson on damages during the PMK deposition on February 9-10, 2011, when he knew that Allstate had not disclosed the formula prior to that deposition. It is, however, also mystifying as to why the Noorda Defendants' counsel did not raise the disclosure of the formula in the Emergency Motion for Leave to take Deposition of Aaron Patterson (#293), filed on April 15, 2011 or during the April 27th hearing on that motion. Notwithstanding the benefit of hindsight, the Court states, with reasonable confidence, that its

decision to limit Mr. Patterson's deposition to three additional hours would have been different if it had been fully informed of these circumstances.

Based on the record now before it, the Court cannot find that the Noorda Defendants incurred unnecessary or duplicative attorney's fees or other expenses as a direct result of Allstate's delay in disclosing the formula used by Mr. Patterson to determine the settlement value of the underlying claims. The Noorda Defendants request that the Court award them their attorney's fees and costs in regard to their Emergency Motion for Leave to take Deposition of Aaron Patterson (#293) and their Motion to Strike Aaron Patterson as an Expert Witness (#322). Neither motion, however, was a direct result of Allstate's delay in disclosing the formula that it used to calculate the settlement value of the underlying claims.

The Court reiterates that Allstate should be sanctioned for its conduct in failing to timely disclose the formula upon which its damages computation was based. An award of fees and costs to the Nassiri Defendants on their Motion to Strike Plaintiffs' Complaint (#312) must, however, await the District Judge's decision on the Nassiri Defendant's motion for reconsideration. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Albert Noorda, M.D. and Maryland Medical Center LLC's Verified Memorandum of Costs Pursuant to Court Order (#344) is **denied**.

DATED this 25th day of August, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge