# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALLSTATE INSURANCE COMPANY, et al.,

    Plaintiffs,

v.

OBTEEN N. NASSIRI, D.C., et al.,

    Defendants.

2:08-CV-369 JCM (GWF)

**ORDER**

Presently before the court is defendants Nassiri, et. al.'s motion to reconsider magistrate's ruling. (Doc. #345). Plaintiffs Allstate Insurance Co., et. al. filed an opposition. (Doc. #348). Defendants then filed a reply. (Doc. #352).

Magistrate Judge Foley issued an order on July 21, 2011, granting in part and denying in part defendants' motion to strike complaint. (Doc. #342). In the order, the magistrate judge issued sanctions against plaintiffs for their failure to timely disclose the method or formula used to calculate the alleged damages. (Doc. #342). The magistrate judge denied defendants' request to strike the complaint. (Doc. #342). Specifically, the court stated that it would "not grant the severe sanctions requested by the [d]efendants" but would instead award "attorney's fees and costs [as] an appropriate lesser sanction pursuant to Rule 37(c)(1)(A) . . . ." (Doc. #342). In the instant motion, defendants seek to strike plaintiffs' complaint for damages as a sanction for plaintiffs' untimely filing of discovery materials. (Doc. #352).

. . .

**James C. Mahan**
**U.S. District Judge**

1    When reviewing the magistrate judge's order, this court determines whether it is clearly erroneous or contrary to law. *See* FED. R. CIV. P. 72(a); Local Rule IB 3-1. The magistrate judge's order is "clearly erroneous" if this court is left with "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). However, "[w]hen reviewing discovery disputes . . . the [m]agistrate is afforded broad discretion, which will be overruled only if abused." *Tafas v. Dudas*, 530 F. Supp. 2d 786, 792 (E.D. Va. 2008). The district court defers to the magistrate's discovery sanctions orders "unless they are clearly erroneous or contrary to law." *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).

Defendants state in their moving papers that "the [m]agistrate [j]udge has the discretion not to impose an evidence preclusion sanction . . . ." (Doc. #345). Thus, defendants' motion can only be based on their assertion that the magistrate judge abused his discretion.[1]

This court does not agree with defendants that the magistrate judge abused his discretion. First, the court does not endorse defendants' interpretation of the magistrate judge's order as internally inconsistent. The well-reasoned decision does not reflect defendants' absolutist reading. Second, defendants' assertions of abuse of discretion are unconvincing. In light of the acrimonious discovery process in this case, the magistrate judge's order is a clear attempt to appropriately admonish the parties while simultaneously moving the discovery process forward.

Accordingly,

. . .

. . .

. . .

. . .

---

[1] Indeed, it is not entirely clear that the magistrate judge even had the authority to issue the order defendants' requested. *See* FED. R. CIV. P. 72(b) (stating that if the matter is dispositive, a magistrate judge "must enter a recommended disposition"); *see also Grimes*, 951 F.2d at 240. Defendants' motion sought to strike plaintiffs' complaint for damages and enter default. (*See* Doc. #312).

**James C. Mahan**
**U.S. District Judge**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Nassiri, et. al.'s motion to reconsider magistrate's ruling (doc. #345) be, and the same hereby is, DENIED.

DATED this 17th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE