# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALLSTATE INSURANCE COMPANY, *et al.*,

        Plaintiffs,

vs.

OBTEEN N. NASSIRI, D.C, *et al.*,

        Defendants.

Case No. 2:08-cv-00369-JCM-GWF

**ORDER**

This matter comes before the Court on Nassiri Defendants' Memorandum of Fees and Costs Pursuant to Court Orders of July 21 and October 28, 2011 (#381), filed on November 10, 2011; Plaintiffs' Opposition to Defendant's Memorandum of Fees and Costs Pursuant to Court Orders of July 21 and October 28, 2011 (#383), filed on November 21, 2011; and Defendants' Reply to Plaintiffs' Opposition to the Nassiri Defendants' Memorandum of Fees and Costs Pursuant to Court Orders of July 21 and October 28, 2011.

## BACKGROUND

Plaintiff Allstate seeks to recover damages resulting from its alleged overpayment of settlements for bodily injury claims due to the unreasonable and unnecessary chiropractic and medical services provided by Defendants. Prior to June 28, 2010, Allstate had not provided a computation of its damages as required by Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure and the Defendants had not raised its failure to do so as an issue. On May 17, 2011, the Nassiri Defendants filed an Emergency Motion to Strike Plaintiffs' Complaint for Damages, arguing that Allstate's Complaint should be stricken and its default entered, or that it should be precluded from introducing damages evidence at trial based on its failure to timely disclose the method or formula it used to

calculate its damages. Although the Court did not grant the severe sanctions requested by the Defendants, it entered an order requiring Allstate to pay the Nassiri Defendants' reasonable attorney's fees and costs incurred in the prosecution of their Emergency Motion to Strike Plaintiffs' Complaint (#312). The Nassiri Defendants then filed a Motion for District Judge to Reconsider the Court's Order (#342), again arguing that the proper sanction should be striking Allstate's Complaint for damages. On October 17, 2011, the District Court entered an Order (#364) denying Defendants' Motion for Reconsideration, and on October 28, 2011, the Court reset the deadlines for filing a memorandum of costs and fees with the Court. The Nassiri Defendants submit their Memorandum of Costs and Fees, requesting reimbursement for the fees and costs associated with filing Defendants' Motion to Strike Plaintiffs' Complaint in the amount of $7,176.80. Plaintiffs oppose Defendants' memorandum arguing that the amount of fees requested is excessive in both the amount of time alleged and the hourly rate charged. Plaintiffs further argue that sanctions should not be imposed in this instance.

## **DISCUSSION**

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

. . .

Defendants request a total of $7,176.80 in fees and costs associated with its Motion to Strike. Defendants request reimbursement of attorneys' fees and costs at an hourly rate of $250.00 for the time of Naomi Arin, Esq., based on her nineteen years experience. After reviewing Defendants' Memorandum of Costs and Fees and the affidavit of Naomi Arin, the Court finds that the Defendants have offered sufficient evidence that the above hourly rate is reasonable.

Defendants state that they spent 28.4 hours preparing the Motion to Strike and the Reply to Plaintiffs' Opposition. Specifically, Defendants claim that they spent 16.7 hours researching and preparing the motion, 2.8 hours reviewing and analyzing Plaintiff's response, and 8.9 hours researching and preparing a reply to the response. Considering the totality of the circumstances, the Court finds that 28.4 hours is a reasonable amount of time to spend on Defendants' motion and reply. Therefore, based on the reasonable hourly rates discussed above, the Court will award attorneys' fees to the Defendants in the amount of $7,176.80. The relevant factors are subsumed in this calculation of the reasonable attorneys' fees, and there are no other exceptional circumstances which warrant enhancement or reduction of the fees.

**IT IS HEREBY ORDERED** that Allstate is to pay the Nassiri Defendants the sum total of **$7,176.80**. Allstate is further ordered to make the payment to Defendants by **January 3, 2012.**

DATED this 2nd day of December, 2011.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE