**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALLSTATE INSURANCE COMPANY, *et al.*, )
)
                                    Plaintiffs,  )       Case No.  2:08-cv-00369-JCM-GWF
                                                 )
vs.                                              )       <u>**ORDER**</u>
                                                 )
OBTEEN N. NASSIRI, D.C., *et al.*,               )       **Motion to Exclude Defendants'**
                                                 )       **Rebuttal expert Witness Designation**
                                    Defendants.  )       **(#378)**
_____  )

        This matter is before the Court on Plaintiffs' Motion to Exclude Defendants' Rebuttal Expert
Witness Designation of Matthew Anderson, D.C. (#378), filed on November 7, 2011; the Nassiri
Defendants' Response to Plaintiff's Motion to Exclude Defendants' Rebuttal Expert Witness
Designation of Matthew Anderson, D.C. (#387), filed on November 22, 2011; and Plaintiff's Reply in
Support of Motion to Exclude Defendants' Rebuttal Expert Witness (#393), filed on December 1, 2011.
Having considered the parties' written submissions, the Court finds that oral argument on this motion is
unnecessary and hereby issues its decision.

<u>**BACKGROUND AND DISCUSSION**</u>

        Plaintiff Allstate seeks recovery of damages allegedly resulting from the overpayment of
settlements in 157 underlying bodily injury claims as the result of unreasonable and unnecessary
chiropractic and medical services provided to the claimants by the Defendants.  Allstate disclosed Craig
Little, D.C. as its chiropractic/medical expert witness pursuant to Rule 26(a)(2) of the Federal Rules of
Civil Procedure.  Dr. Little reviewed the treatment provided by Defendants and opined that much of it
was unreasonable, unnecessary, and in some instances fraudulent.  Dr. Little provided his opinion as to
the amount of the reasonable chiropractic and medical expenses for each underlying claim, which was
substantially less than the amount charged by Defendants.

1        The Nassiri Defendants designated Matthew Anderson, D.C. as their rebuttal expert witness to

2    Dr. Little's opinions on March 15, 2011, which was the rebuttal expert disclosure deadline.  Defendants

3    did not include Dr. Anderson's report or the other information required by Rule 26(a)(2)(B) in their

4    disclosure.  These items had still not been provided when Allstate filed its motion to exclude Dr.

5    Anderson as an expert witness on April 26, 2011.  *See Motion (#301).* The Nassiri Defendants

6    provided Dr. Anderson's report the following day.  The undersigned  granted Allstate's motion to

7    exclude Dr. Anderson as an expert witness on May 17, 2011.  *Minutes of Proceedings (#311).*  The

8    District Judge denied Defendants' objection  and affirmed that order on August 5, 2011.  *Order (#346).*

9        Allstate also designated its employee Aaron Patterson as its "non-retained" expert witness on

10   damages.  The convoluted circumstances relating to Mr. Patterson's designation as an expert witness

11   and the disclosure of his opinions are detailed in Orders (#341 and #342) entered on July 21, 2011.

12   Based on those circumstances, the Court reopened discovery for the limited purpose of permitting the

13   Noorda and Nassiri Defendants to take Mr. Patterson's deposition on the issue of damages and also

14   authorized them to disclose rebuttal expert witnesses to Mr. Patterson's opinions on or before

15   September 12, 2011.  *Order (#341), p. 16.*  The Nassiri Defendants disclosed Dr. Anderson as their

16   rebuttal expert witness to Mr. Patterson.

17       As set forth in Order (#341), Allstate has used two methods to determine the reasonable

18   settlement value of the underlying claims.  For any claim that settled for less than policy limits, Mr.

19   Patterson used a formula created by Allstate to determine the amount of overpayment.  Pursuant to this

20   formula, the amount that Allstate should have paid was determined by calculating the ratio of the

21   amount of the actual settlement and the amount that Allstate had determined to be the allowed expenses

22   at the time the claim was initially settled, then multiplying that ratio by the amount that Dr. Little stated

23   was the amount of the reasonable expenses.  For claims that settled for policy limits, Mr. Patterson

24   personally reviewed the claim files to determine the amount that Allstate should have paid based on Dr.

25   Little's determination of the reasonable chiropractic/medical expenses and other objective and

26   subjective factors relevant to the adjustment and settlement of bodily injury claims. *See Order (#341),*

27   *pp. 2-3.*

28       Defendants may have grounds on which to challenge Mr. Patterson's qualifications as an expert

2

1  witness on damages or the admissibility of his opinions and calculations.  Dr. Anderson, however, is

2  not a proper rebuttal witness on those matters.  Dr. Anderson's proposed testimony is again directed at

3  rebutting the opinions of Dr. Little regarding the allegedly unreasonable, unnecessary or fraudulent

4  chiropractic or medical services provided by the Defendants.  The Court has already excluded Dr.

5  Anderson as a rebuttal expert on that topic because of Defendant's failure to disclose him in a timely

6  manner.  Dr. Anderson has no apparent expertise in regard to the evaluation of bodily injury claims.  He

7  has not reviewed the methods or formula used by Mr. Patterson to calculate the settlement value of the

8  underlying claims.  Nor has he prepared opinions regarding the settlement value of the underlying

9  claims.  Dr. Anderson therefore is not a rebuttal witness to Mr. Patterson's opinions on the settlement

10  value of the underlying claims and Allstate's alleged damages for overpayment of the claims.

11      Order (#341) was not an opening for Defendants to simply re-designate Dr. Anderson as a

12  rebuttal expert to Dr. Little.  Accordingly,

13      **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Exclude Defendants' Rebuttal Expert

14  Witness Designation of Matthew Anderson, D.C. (#378) is **granted**.

15      DATED this 2nd day of December, 2011.

16

17

18      GEORGE FOLEY, JR.
        United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

3