UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALLSTATE INSURANCE COMPANY, *et al.*, )
                                                         Plaintiffs, )     Case No. 2:08-cv-00369-JCM-GWF

vs. )     **ORDER**

OBTEEN N. NASSIRI, D.C, *et al.*, )
                                                         Defendants. )

This matter comes before the Court on Plaintiffs' Application for Attorneys' Fees and Costs as Against Non-Party Adam S. Kutner, Pursuant to the Court's Order (#377) that Granted Plaintiffs' Motion for Sanctions (#380), filed on November 10, 2011; Response to Plaintiffs' Application for Attorneys Fees and Costs as Against Non-Party Adam S. Kutner, Pursuant to the Court's Order (377), that Granted Plaintiffs' Motion for Sanctions (#385), filed on November 22, 2011; and Reply to Response to Plaintiffs' Application for Attorneys' Fees and Costs as Against Non-Party Adam S. Kutner, Pursuant to the Court's Order (#377) that Granted Plaintiffs' Motion for Sanctions (#388), filed on November 23, 2011.

**BACKGROUND**

Plaintiff Allstate seeks to recover damages resulting from its alleged overpayment of settlements for bodily injury claims due to the unreasonable and unnecessary chiropractic and medical services provided by Defendants. Adam S. Kutner, a non-party to this action, is a Nevada licensed attorney that is allegedly involved in a referral system that directed several claimants to the Defendants for medical treatment. Upon Plaintiffs' motion, the Court compelled the deposition of Mr. Kutner. (*See* #281.) On September 29, 2011, Mr. Kutner filed an Emergency Motion to Quash or Modify the Subpoena (#354), requesting that the Court quash the subpoena requiring him to appear for deposition on October 4,

2011.  On September 30, 2011, the Court denied Kutner's motion.  (*See* # 355.)  On October 3, 2011, Mr. Kutner filed a Motion for District Judge to Reconsider Order (#357), which was denied on October 14, 2011.  Plaintiffs filed a Motion for Order Setting Date-Certain for the Deposition of Adam S. Kutner (#358) and Motion for Sanctions re: Discovery (#359), requesting that the Court order Mr. Kutner to appear for a deposition on a certain date and further requesting sanctions against Mr. Kutner for the fees and costs incurred as a result of Mr. Kutner's failure to appear for his deposition on October 4, 2011.  The Court conducted a hearing on this matter on October 28, 2011. (*See* #377, *Minutes of Proceedings*.)  The Court set Mr. Kutner's deposition for December 2, 2011, and further found that Mr. Kutner did not have an adequate excuse for failing to appear for his deposition on October 4, 2011.  The Court therefore sanctioned Mr. Kutner under Rule 45(e) by awarding Plaintiffs their attorneys' fees and cost incurred as a result of Mr. Kutner's failure to attend his deposition.  Plaintiffs submit this Application for Attorneys' Fees and Costs (#380), requesting reimbursement in the amount of $5,350.75.  Mr. Kutner opposes Plaintiffs' application, arguing that the requested fees are excessive, and that the Court should award no more that $3,880.00 in fees and costs.

## DISCUSSION

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984).  Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.*  Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996).  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen*

1  *v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

2        Plaintiffs request a total of $5,350.75 in fees and costs associated with Mr. Kutner's failure to appear at the deposition on October 4, 2011. Plaintiffs request reimbursement of attorneys' fees and costs at an hourly rate of $165.00 for the time of Eron Cannon, Esq. and Michael Graves, Esq. After reviewing Plaintiffs' Application for Costs and Fees and the affidavit of Michael Graves, the Court finds that the Plaintiffs have offered sufficient evidence that the above hourly rate is reasonable. Plaintiffs' attorneys worked approximately 31.4 hours as a result of Mr. Kutner's failure to attend his deposition on October 4, 2011. Plaintiffs included in their total hours the time spent preparing for the deposition on October 4, 2011 as well as filing an Opposition to Mr. Kutner's Motion for District Court to Reconsider, a Motion to Set a Certain Date for the Deposition and a Motion for Sanctions against Mr. Kutner. Further, Plaintiffs included time spent in preparation for the hearing held on October 28, 2011 and time spent corresponding with Mr. Kutner's counsel. Considering the totality of the circumstances, the Court finds that Plaintiffs spent a reasonable amount of time in response to Mr. Kutner's failure to appear on October 4, 2011. Plaintiffs further request reimbursement of costs in the amount of $156.25. Therefore, based on the reasonable hourly rates discussed above, the Court will award attorneys' fees and costs to the Plaintiffs in the amount of $5,350.75. The relevant factors are subsumed in this calculation of the reasonable attorneys' fees, and there are no other exceptional circumstances which warrant enhancement or reduction of the fees. Accordingly,

      **IT IS HEREBY ORDERED** that non-party Adam S. Kutner is to pay Plaintiffs the sum total of **$5,350.75**. Mr. Kutner is further ordered to make the payment to Plaintiffs by **January 6, 2012.**

      DATED this 6th day of December, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

3