1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>OBTEEN N. NASSIRI, D.C., et al.,<br><br>        Defendants. | 2:08-CV-369 JCM (GWF) |

**ORDER**

Presently before the court is defendants Albert Noorda, et. al.'s motion to reconsider. (Doc. #424). Also before the court is defendants' ex parte application for order shortening time. (Doc. #420).

On December 30, 2011, defendants filed a 77-page motion for summary judgment, not including attached exhibits. (Doc. #403). Contemporaneously with this filing, defendants filed a motion for leave to file excess pages. (Doc. #402). Plaintiffs Allstate Insurance Company, et. al. opposed the motion to file excess pages. (Doc. #409). Defendants filed a reply to the opposition. (Doc. #418).

On January 19, 2012, the court issued an order denying defendant's motion for leave to file excess pages. (Doc. #419). The order stated that defendants had not filed a reply. (Doc. #419). Pursuant to the order, defendants must file a motion for summary judgment conforming to Local Rule 7-4 by February 2, 2012. (Doc. #419). Defendants' motion to reconsider asserts that this court did not consider the reply brief to its motion for leave to file excess pages. (Doc. #424). Thus, this

**James C. Mahan**
**U.S. District Judge**

1   court should reconsider its prior order because "[f]airness demands that the merits of the reply brief

2   be considered by the court in deciding this matter." (Doc. #424).

3        Motions for reconsideration "should not be granted, absent highly unusual circumstances."

4   *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). These circumstances are

5   present where "the district court is presented with newly discovered evidence, committed clear error,

6   or if there is an intervening change in the controlling law." *Id.*

7        Defendants' motion for leave to file excess pages argues that leave is appropriate because:

8   (1) plaintiffs filed a 42-page complaint, (2) plaintiffs' suit asserts "numerous theories of liability,"

9   (3) 45 of the 157 underlying bodily injury claims involve these defendants, and (4) defendants had

10  to review 40,000 pages of documents and complete "over 24 depositions" in this case. (Doc. #402).

11  Defendants summarize their motion by stating that "[g]iven the breadth of the pleadings and the

12  complexity of the case," defendants should be permitted to file a 77-page motion for summary

13  judgment. (Doc. #402).

14       Defendants' reply repeats the arguments asserted in the original motion.  The reply

15  additionally states that the 77-page motion for summary judgment was not an "attempt[] to

16  affirmatively negate each and every allegation in the complaint. Defendants simply attempted to

17  create an adequate evidentiary record to support granting the motion for summary judgment on

18  behalf of two separate defendants." (Doc. #415). Finally, the reply details defendants' attempts to

19  compromise with plaintiffs and defendants' procedural efforts to file the reply brief. Specifically,

20  defendants state: (1) that they attempted to enter into a stipulation with plaintiffs to permit a motion

21  for summary judgment exceeding the allotted page range; (2) that they are willing to stipulate to

22  giving plaintiffs a similar page limit extension; and (3) that they contacted an individual in the

23  clerk's office prior to filing their motion for leave to file excess pages to determine the most

24  appropriate method of filing the motion. (Doc. #415).

25       In this district, "[u]nless otherwise ordered by the [c]ourt, . . . motions shall be limited to

26  thirty (30) pages." Local Rule 7-4. The additional arguments in the reply brief do not alter the

27  court's earlier finding. Granting leave to file a motion for summary judgment that more than doubles

28

**James C. Mahan**
**U.S. District Judge**

the allotted page limit is not warranted under these facts.  (*See* Doc. #419, citing Local Rule 7-4).

Thus, defendants have not demonstrated the "highly unusual circumstances" necessary for a

successful motion to reconsider.  *See Kona*, 229 F.3d at 890 (stating that these circumstances exist

where "the district court is presented with newly discovered evidence, committed clear error, or if

there is an intervening change in the controlling law").

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Albert Noorda,

et. al.'s motion to reconsider (doc. #424) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' ex parte application for order shortening time

(doc. #420) be, and the same hereby is, DENIED as moot.

DATED this 27th day of January, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 3 -