# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, *et al.*, | |
|           Plaintiffs, | Case No. 2:08-cv-00369-JCM-GWF |
| vs. | **ORDER** |
| OBTEEN N. NASSIRI, D.C, *et al.*, | **Motion for an Order Striking Plaintiffs' Measure of Damages - #404** |
|           Defendants. | |

This matter is before the Court on the Nassiri Defendants' Motion for an Order Striking Plaintiffs' Measure of Damages Pursuant to F.R.C.P. Rule 37(b) (#404), filed on December 30, 2011; the Noorda Defendants' Joinder in the Motion for an Order Striking Plaintiffs' Measure of Damages (#411), filed on January 10, 2012; Plaintiffs' Response to Defendants' Motion to Strike Plaintiffs' Measure of Damages (#414); filed on January 17, 2012, the Nassiri Defendants' Reply to Plaintiffs' Response to the Motion to Strike (#434), filed on January 27, 2012; and the Noorda Defendants' Reply to Plaintiffs' Response to the Motion to Strike (#433), filed on January 27, 2012.

## BACKGROUND AND DISCUSSION

Plaintiffs Allstate Insurance Companies seek the recovery of damages for the overpayment of more that 150 bodily injury claims as a proximate result of Defendants' allegedly unreasonable, unnecessary and fraudulent medical services and charges which inflated the settlement value of those claims. The Nassiri Defendants' instant motion to strike Plaintiffs' damages evidence has its origin in a demand that they made on June 28, 2010 for a computation of damages pursuant to Fed.R.Civ.Pro. 26(a)(1)(A)(iii). When the damages computation was not forthcoming, Defendants

filed a motion to strike Plaintiffs' damages claim on August 15, 2010.  In response to the Nassiri Defendants' demand and motion to strike, Plaintiffs provided a damages computation on August 17, 2010.  That damages computation was prepared by Plaintiffs' counsel, Bruce Kelly, who reviewed the underlying claims files and provided an estimate of the alleged overpayment of the claims.  The Court subsequently denied the Nassiri Defendants' motion to strike Plaintiffs' damages claim on December 16, 2010.  *See Order (#259)*.

In the mean time, the Nassiri Defendants filed a motion to disqualify Plaintiffs' counsel on November 29, 2010, on the ground that Mr. Kelly was now Plaintiffs' damages witness and therefore could not represent Plaintiffs at trial.  At the hearing on the motion to disqualify, Mr. Kelly represented that Plaintiffs' damages witness is Aaron Patterson, an employee of Allstate.  Mr. Kelly further stated that Mr. Patterson's damages testimony would be based on his own knowledge and expertise and would not "simply be a parroting of a computation provided to him by Mr. Kelly or other lawyers from [his law firm]." *See Order (#263)*, pg. 2.  Based on Mr. Kelly's representation, the Court held that there was no basis to disqualify Mr. Kelly or his law firm "so long as Plaintiffs' computation of their damages is based on the opinions and calculations of Mr. Patterson or other witnesses, and such opinions and testimony are not simply on the opinions of the Plaintiffs' counsel." *Id.*

The Nassiri and Noorda Defendants contend that contrary to Court's instruction, Mr. Patterson's damages testimony is, in fact, based on the opinions and calculations of Plaintiffs' counsel and should therefore be stricken.  Based on Plaintiffs' prior disclosures regarding Mr. Patterson's expected testimony, and the excerpts of his deposition testimony attached to the parties' briefs, however, the Court finds no valid basis for the Defendants' assertions.

Mr. Patterson's opinions and calculations relating to the alleged overpayment of the underlying claims are based, first, on the opinions of Plaintiffs' chiropractic expert witness, Craig Little, D.C.  Dr. Little reviewed the chiropractic and medical services provided in each of the underlying claims and the amounts billed by Defendants for those services.  Dr. Little provided an opinion regarding the chiropractic or medical services that should have been provided or charged on each claim, which was substantially less than the services that were provided and charged by the

1  Defendants.

2      Mr. Patterson's opinions and calculations regarding overpayment are also based on NRS
3  §439B.425.1 which states:

> 4,5,6  Except as otherwise provided in this section, a practitioner shall not refer a patient, for a service or for goods related to health care, to a health facility, medical laboratory, diagnostic imaging or radiation oncology center or commercial establishment in which the practitioner has a financial interest.

7      A violation of the statute is a misdemeanor.   NRS §439B.425.3.

8      The Plaintiffs allege that the Nassiri Defendants had a financial interest in Maryland
9  Medical Center and Digital Imaging to whom they referred claimants for medical consultations or
10 diagnostic studies.  Based on NRS §439B.425.1 and the advice or opinion of Allstate's counsel
11 regarding that statute, Mr. Patterson disregarded any expenses for medical services provided by
12 Maryland Medical Center and Digital Imaging in calculating the reasonable settlement value of the
13 underlying claims.

14     Mr. Patterson testified that for claims that settled for less than the insurance policy limit, he
15 used a formula or ratio to recalculate the reasonable settlement value of each claim based on the
16 reduced amount of chiropractic or medical expenses attributable to the claim.  *See Plaintiffs'*
17 *Response (#414)*, Exhibit A, Patterson Deposition at 135:19-25.  Although the basis for this
18 formula is not clear, Mr. Patterson testified that it has long been used by Allstate to calculate the
19 value of claims. *Id.* at Exhibit A, 132:9-21.  There is no indication in Mr. Patterson's testimony that
20 the formula or ratio was created by Plaintiffs' counsel.  Mr. Patterson testified that he did not use
21 this formula or ratio for claims that settled for the policy limit. *Id.* at 4; Exhibit A at 15-24.  Instead,
22 he reviewed each claim individually and considered other factors affecting the claim value besides
23 the amount of chiropractic or medical expenses. *Id.*  The amount of overpayment on each claim was
24 then determined by subtracting the recalculated settlement value from the amount that Allstate paid
25 to settle the claim. *Id.*  Mr. Patterson testified that Plaintiffs' counsel prepared the spreadsheet(s)
26 produced in this action which set forth his calculations of the settlement value and the amount of
27 overpayment on each claim and for the claims as a whole. *Id.* at Exhibit A at 8:14-25.
28 . . .

Defendants argue, however, Mr. Patterson placed the opinions of Plaintiffs' counsel in issue by testifying that he relied on Plaintiffs' counsel's advice as to the meaning and application of NRS §439B.425.1. The Court disagrees. The judge, not the jury, determines the law applicable to the claims and defenses in this case. Expert legal testimony is inadmissible to decide an issue of law or the application of the law to the facts. *The Pinal Creek Group v. Newmont Mining Corp.*, 352 F.Supp.2d 1037, 1042-44 (D.Ariz. 2005), citing *United States v. Brodie*, 858 F.2d 492, 497 (9th Cir. 1988); *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988); and *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 508-11 (2d Cir. 1977). Whether Plaintiffs are entitled to recover damages from Defendants based on the alleged violation of NRS §439B.425.1 is a question of law for the Court and is not a subject for trial testimony by Mr. Patterson, Plaintiffs' counsel or any other witness.

## CONCLUSION

The Court finds that Plaintiffs' expert witness on damages, Aaron Patterson, evaluated and determined the alleged settlement value of the underlying claims and the resulting amount of alleged overpayment. Mr. Patterson's damages testimony is therefore not subject to exclusion on the grounds that his testimony is actually based on the inadmissible opinions or calculations of Plaintiffs' counsel. Accordingly,

**IT IS HEREBY ORDERED** that the Nassiri Defendants' Motion for an Order Striking Plaintiffs' Measure of Damages Pursuant to F.R.C.P. Rule 37(b) (#404) and the Noorda Defendants' Joinder in the Motion for an Order Striking Plaintiffs' Measure of Damages (#411) are **denied.**

DATED this 23rd day of March, 2012.

_George Foley Jr._
GEORGE FOLEY, JR.
United States Magistrate Judge