1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALLSTATE INSURANCE
COMPANY, et al.,

        Plaintiffs,

v.

OBTEEN N. NASSIRI, D.C., et al.,

        Defendants.

2:08-CV-369 JCM (GWF)

**ORDER**

    Presently before the court is defendants Obteen Nassiri, D.C., et. al.'s ("Nassiri defendants") motion to reconsider the magistrate judge's order denying their motion to strike plaintiffs' damages calculations. (Doc. #447). Plaintiffs Allstate Insurance Company, et. al. filed an opposition. (Doc. #449). Nassiri defendants then filed a reply. (Doc. #454).

    Also before the court is defendants Albert Noorda, M.D., et. al.'s ("Noorda defendants") motion to reconsider this court's order denying their motion for summary judgment. (Doc. #450). Plaintiffs filed an opposition (doc. #456), to which Noorda defendants filed a reply (doc. #457). Nassiri defendants also filed a motion to reconsider this court's order denying their motion for summary judgment. (Doc. #453). Plaintiffs filed an opposition (doc. #455), to which Nassiri defendants filed a reply (doc. #458).

**I.    Nassiri defendants' motion to reconsider magistrate order (doc. #447)**

    Nassiri defendants first move the court to reconsider Magistrate Judge Foley's order denying their motion to strike plaintiff's damages calculations. (Doc. #447). Nassiri defendants argue that

**James C. Mahan**
**U.S. District Judge**

1   plaintiffs' damages witness Aaron Patterson's damages calculation is based on the opinions and

2   calculations of plaintiffs' counsel and should, therefore, be stricken.

3       On June 28, 2010, Nassiri defendants made a demand pursuant to Federal Rule of Civil

4   Procedure 26(a)(1)(A)(iii) for a computation of damages. (Doc. #445). Nassiri defendants then filed

5   a motion to strike plaintiffs' damages on August 15, 2010, arguing that plaintiffs had willfully and

6   deliberately refused to comply with Rule 26(a)(1)(A)(iii). (Doc. #211). In response, plaintiffs'

7   counsel Bruce Kelly reviewed the claims files and provided an estimate of the alleged overpayment

8   of the claims. (Doc. #445). The court subsequently denied Nassiri defendants' first motion to strike

9   damages. (Doc. #259).

10      However, on November 29, 2010, Nassiri defendants filed a motion to disqualify plaintiffs'

11  counsel, arguing that Mr. Kelly was now plaintiffs' damages witness and, therefore, could not

12  represent plaintiffs at trial. (Doc. #254). Magistrate Judge Foley denied Nassiri defendants' motion

13  to disqualify, stating that "so long as [p]laintiffs' computation of their damages is based on the

14  opinions and calculations of Mr. Patterson or other witnesses, and such opinions and testimony are

15  not simply on the opinions of [p]laintiffs' counsel," there was no reason to disqualify plaintiffs'

16  counsel. (Doc. #263).

17      Nassiri defendants subsequently filed the underlying motion to strike plaintiffs' damages

18  calculations, asserting that Mr. Patterson's damages calculations were based on the opinions and

19  calculations of plaintiffs' counsel. (Doc. #404). The magistrate judge denied Nassiri defendants'

20  motion, finding that there was "no valid basis for [Nassiri defendants'] assertions." (Doc. #445).

21  Specifically, the magistrate judge found that Mr. Patterson's opinions and calculations were based

22  "first, on the opinions of [p]laintiffs' chiropractic expert witness . . . ." (Doc. #445). The magistrate

23  judge also found that Mr. Patterson's opinions were based on NRS 439B.425.1. (Doc. #445).

24  Finally, the court found that Mr. Patterson calculated the damages using a formula or ratio, and that

25  there was no indication in Mr. Patterson's testimony that the formula or ratio was created by

26  plaintiff's counsel. (Doc. #445). Thus, the magistrate judge denied the motion to strike. (Doc.

27  #445).

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    When reviewing the magistrate judge's order, this court determines whether the order is

2    clearly erroneous or contrary to law.  *See* Local Rule IB 3-1.  The magistrate judge's order is "clearly

3    erroneous" if this court is left with "a definite and firm conviction that a mistake has been

4    committed."  *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r*

5    *IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992).

6    Here, Nassiri defendants' motion fails to advance any legal authority to demonstrate that the

7    magistrate judge's order is contrary to law.  (*See* Doc. #447; Local Rule IB 3-1).  Further, this court

8    is not left with "a definite and firm conviction that a mistake has been committed."  *U.S. Gypsum*

9    *Co.*, 333 U.S. at 395.  The court agrees with the magistrate judge's finding that plaintiffs' damages

10   calculations were based on Mr. Patterson's own investigation and calculations.  Therefore, Nassiri

11   defendants have not presented the court with adequate grounds to reconsider the magistrate judge's

12   order denying their motion to strike.

13   **II.    Motions to reconsider order denying motions for summary judgment (docs. #450 and**

14   **#453)**

15   Also before the court are Nassiri defendants and Noorda defendants' motions to reconsider

16   this court's order denying their motions for summary judgment.  (Docs. #450 and #453).  On March

17   29, 2012, this court denied defendants' motions for summary judgment, finding that defendants had

18   not authenticated their supporting evidence as required by *Orr v. Bank of America*, 285 F.3d 764,

19   773 (9th Cir. 2002).  (Doc. #446).

20   Both Nassiri defendants and Noorda defendants now move this court to reconsider its order

21   denying their motions for summary judgment.  The motions acknowledge that defendants failed to

22   authenticate the supporting evidence.  (Docs. #450 and #453).  However, after the authentication

23   issues were pointed out by the court, defendants re-filed the portions of their supporting evidence

24   that were unauthenticated.  Further, the Noorda defendants filed a "corrected version" of their motion

25   for summary judgment.  (Doc. #451).  This corrected motion for summary judgment includes

26   properly authenticated versions of the evidence from their original motion for summary judgment

27   as well as an entirely new deposition transcript which Noorda defendants assert was mistakenly

28

**James C. Mahan**
**U.S. District Judge**

1  omitted from their first motion for summary judgment.  (Doc. #450).

2      The court possesses "inherent power" to reconsider an order over which it maintains

3  jurisdiction.  *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 887

4  (9th Cir. 2001); *see also Marconnie Wireless Tel. Co. v. United States*, 320 U.S. 1, 47 (1943).

5  Motions for reconsideration "should not be granted, absent highly unusual circumstances." *Kona*

6  *Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Reconsideration may be

7  appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear

8  error or the initial decision was manifestly unjust, or (3) if there is an intervening change in

9  controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263

10  (9th Cir. 1993).

11      Here, defendants have had multiple opportunities to present the court with meritorious

12  motions for summary judgment which comply fully with the applicable local rules and the federal

13  rules of evidence.

14      Nassiri defendants previously filed a motion for summary judgment.  (Doc. #353).  After a

15  hearing on this motion, (doc. #382), the court denied this motion on December 5, 2011, finding that

16  questions of fact precluded summary judgment (doc. #396).

17      Noorda defendants filed a 77-page motion for summary judgment on December 30, 2011.

18  (Doc. #403).  This court subsequently struck this motion for summary judgment, finding that Noorda

19  defendants had not complied with Local Rule 7-4, and had not presented facts which justified filing

20  a motion for summary judgment which more than doubled the allotted page limit.  (Docs. #419 and

21  #432).

22      After their previous motions for summary judgment were denied, Noorda defendants and

23  Nassiri defendants filed the motions for summary judgment which underlie the instant motions to

24  reconsider.  Again, defendants acknowledge that these motions for summary judgment were

25  procedurally defective because defendants did not authenticate the supporting evidence pursuant to

26  *Orr*, 285 F.3d 764.  (Docs. #450 and #453).

27

28

**James C. Mahan**
**U.S. District Judge**

The instant case does not present circumstances which warrant reconsideration of the court's order denying defendants' motion for summary judgment. *See School Dist. No. 1J*, 5 F.3d at 1263. At most, Nassiri defendants and Noorda defendants argue that failure to reconsider this court's order denying their motions for summary judgment would be manifestly unjust. (Docs. #450 and #453). However, the docket in this case demonstrates that defendants have had ample opportunity to present motions for summary judgment to the court. Therefore, it is not manifestly unjust at this stage of the proceedings to deny defendants' motions for reconsideration.

Finally, the court notes that this case was filed on March 20, 2008. (Doc. #1). Thus, this case has been pending in this court for more than four years. Therefore, within 30 days of entry of this order, the parties shall file a joint pretrial order so the court can set this case for trial.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Nassiri defendants' motion to reconsider the magistrate judge's order denying their motion to strike plaintiffs' damages calculations (doc. #447) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Nassiri defendants' and Noorda defendants' motions to reconsider this court's order denying their motions for summary judgment (docs. #450 and #453) be, and the same hereby are, DENIED.

IT IS FURTHER ORDERED that Noorda defendants' corrected motion for summary judgment (doc. #451) be, and the same hereby is, stricken.

IT IS FURTHER ORDERED that the parties file a joint pretrial order within thirty (30) days of entry of this order.

DATED July 13, 2012.

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 5 -