UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALLSTATE INSURANCE COMPANY, et al.,

        Plaintiffs,

v.

OBTEEN N. NASSIRI, D.C., et al.,

        Defendants.

2:08-CV-369 JCM (GWF)

**ORDER**

Presently before the court is defendants Albert Noorda, M.D., et al.'s ("Noorda defendants") motion for certification pursuant to 28 U.S.C. § 1292(b). (Doc. # 463). Plaintiffs Allstate Insurance Company, et al. have responded. (Doc. # 464).

The Noorda defendants request the court to certify an order for interlocutory appeal (doc. # 463) that denied a motion to reconsider (doc. # 462).

**Factual Background**

On March 29, 2012, this court issued an order denying the Noorda defendant's motion for summary judgment for failure to authenticate the evidence supporting the motion under *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002). (Doc. # 446). On April 6, 2012, the Noorda defendants moved the court to reconsider its order denying the motion for summary judgment and filed a "corrected version" of their motion for summary judgment. (Doc. # 450, 451). On July 13, 2012, the court denied the motion to reconsider and struck the "corrected" motion for summary judgment. (Doc. # 462). On July 23, 2012, the Noorda defendants filed the instant motion for

**James C. Mahan**
**U.S. District Judge**

certificate of appealability (doc. # 463) of the court's July 13, 2012, order and on August, 2, 2012, plaintiffs filed a response (doc. # 464).

**Discussion**

*1. Legal standard*

The instant motion is brought pursuant to 28 U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

A district court may certify an order for interlocutory appeal under 28 U.S.C. § 1292(b) if: (1) there is a controlling question of law; (2) there are substantial grounds for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litigation*, 673 F.3d 1020, 1026 (9th Cir. 1982).

"[S]ection 1292(b) requires that the district judge be 'of the opinion' that the criteria for section 1292(b) appeal are met," *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1339 (9th Cir. 1976), and this section is intended "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litigation*, 673 F.3d at 1026. Further, "[s]ection 1292(b) is not intended to make denials of summary judgment routinely appealable." *Ahrenholz v. Board of Trustees of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000). The district court possesses "inherent power" to reconsider an order over which it maintains jurisdiction. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001); *see also Marconnie Wireless Tel. Co. v. United States*, 320 U.S. 1, 47 (1943).

. . .

. . .

*2. Analysis*

    a.    *Controlling question of law*

The Noorda defendants argue that "[w]hether a court, in its own discretion, may deny a motion for summary judgment on the grounds that the evidence is not authenticated where the opposing party did not take issue with the evidence" (doc. # 463, 3:15-17) and whether denying a motion for summary judgment without such objections "creates a manifest injustice" (doc. # 463, 3:19-20) are controlling questions of law and thus warrant certifying the order for appeal.

The Noorda defendants' first contention fails to understand the requirements set forth in *Orr*. As stated in the court's March 29, 2012, order, *Orr* states that

> "[a] trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr*, 285 F.3d at 773. "Authentication is a condition precedent to admissibility . . . ." *Id.* (citations omitted). Unauthenticated documents "cannot be considered in a motion for summary judgment." *Id.*

Nothing in *Orr* indicates that its holding as to the authentication of documents turns on the opposing party filing objections. *See id.* Thus, there is no question as to the requirement that the district court consider only admissible evidence for motions for summary judgment.

The Noorda defendants' second contention fails for two reasons. First, the Noorda defendants do not show that the court's adherence to the requirements in *Orr* creates a "manifest injustice." Further, defendants fail to appreciate the substantial discretion the court has in determining what is "manifestly unjust." Thus, there is no question that considering only authenticated documents for motions for summary judgment is not "manifestly unjust."

    b.    *Substantial basis for difference of opinion as to the law*

The Noorda defendants rely on *FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478 (9th Cir. 1991 and *Wiley v. United States*, 20 F.3d 222 (6th Cir. 1994), to argue that plaintiffs failure to object to the admissibility of the evidence should preclude this court from denying the motion for summary judgment on evidentiary grounds. (Doc. # 463, 4:21-22). However, the Noorda defendants misconstrue these cases, as neither case requires the court to consider evidence where the opposing party makes no objection. Therefore, the Noorda defendants have not demonstrated that there is a

substantial ground for difference of opinion justifying certification.

The Noorda defendants also point out that "[t]here is little case law" on this issue. (Doc. # 463, 4:12). However, the lack of case law does not demonstrate "arguments in opposition to the challenged ruling," *In re Flor*, 79 F.3d 281, 284 (2nd Cir. 1996) (citations omitted), and thus there is no substantial ground for a difference of opinion where the court cannot analyze the strength of the arguments in opposition.

  c. *Immediate appeal may materially advance the ultimate termination of the ligation*

The Noorda defendants assert that if the court granted certification, and if the appellate court permitted the appeal, and if the appellate court decided in their favor then this court would be required to review their motion for summary judgment and if this court found in their favor, they could be extricated from this lawsuit; thus demonstrating that an immediate appeal may materially advance the litigation. (Doc. # 463, 5:3-8).

However, this matter has been litigated for four years and the parties have recently submitted a joint pretrial order pursuant to court order (doc. # 469). Thus, based on the current stage of litigation, an appeal on this matter will not "appreciably shorten the time, effort, or expense of conducing [the] lawsuit." *See In re Cement Antitrust Litigation*, 673 F.2d at 1027 (citations omitted). Instead, it would create further unwarranted delay to an already laborious and protracted case.

*3. Conclusion*

In light of the issue the Noorda defendants seek to appeal and appreciating the current stage of litigation, the court does not find that the Noorda defendants' contentions warrant certification of the July 13, 2012, order for interlocutory review.

. . .

. . .

. . .

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 4 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Noorda defendants motion for certification pursuant to 28 U.S.C. § 1292(b) (doc. # 463) be, and the same hereby is, DENIED.

DATED August 16, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 5 -