# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALLSTATE INSURANCE COMPANY, et al.,

    Plaintiffs,

v.

OBTEEN N. NASSIRI, D.C., et al.,

    Defendants.

2:08-CV-369 JCM (GWF)

## ORDER

Presently before the court is defendants Obteen Nassiri, D.C., et al.'s ("Nassiri defendants") motion for certification of order for interlocutory appeal pursuant to 28 U.S.C.§ 1292(b) and FRAP Rule 5(a)(3) (doc. # 465) and request for stay pending appeal (doc. # 465). Plaintiffs Allstate Insurance Company, et al. have responded. (Doc. # 471). The Nassiri defendants replied. (Doc. # 472).

The Nassiri defendants request the court to amend an order (doc. # 396) that denied Nassiri defendants' motion for summary judgment (doc. # 353) and certify the order for interlocutory appeal (doc. # 465).

### Factual Background

On September 15, 2011, the Nassiri defendants filed a motion for summary judgment. (Doc. # 353). The Nassiri defendants' contended that plaintiffs failed to file the instant civil action under Racketeer Influenced and Corruption Organizations Act ("RICO") within the statute of limitations. (Doc. # 353). The motion sought summary judgment as to counts one, four, five,

**James C. Mahan**
**U.S. District Judge**

six, and ten; the Nassiri defendants did not seek summary judgment as to counts seven, nine and eleven.[1] On November 17, 2011, the court held a hearing on the Nassiri defendants' motion and denied the motion on the record (doc. # 382, 46) and on December 5, 2011, the court issued an order stating the same (doc. # 396).

On August 13, 2012, the Nassiri defendants filed the instant motion for a certificate of appealability (doc. #465) of the court's December 5, 2011, order (doc. # 396).

**Discussion**

1.  Timeliness of Section 1292(b) Certification

    a)  Legal Standard

Section 1292 does not provide a timeframe in which a request for certification of an order for interlocutory appeal must be made. However, courts have interpreted section 1292 to mean that there is a "statutory expectation that the appeals process will be implemented with dispatch" and that this expectation "should not be circumvented without reason." *Scholl v. United States,* 68 Fed. Cl. 58, 59-60 (2005).[2] As Judge Posner explained, "celerity was to be the touchstone of appealability under [section 1292(b)]" and "parties ought to know at the earliest possible opportunity whether [an interlocutory appeal] is going to occur." *Weir v. Propst*, 915 F.3d 283 (7th Cir. 1990).

    b)  Analysis

The Nassiri defendants brought the instant motion almost nine months after the court denied their motion for summary judgment at the hearing on November 17, 2011. The Nassiri defendants assert that the motion is timely given the last dispositive motion was filed 31 days prior to the instant motion, making it unwise for them to bring this motion any sooner. (Doc. # 465, 4:2-3). Plaintiffs claim that the timing of this motion is suspect given that it was filed on the same day as the parties' pretrial order; giving the appearance of a last-ditch effort to forestall trial.

---

[1] Counts two, three, and eight were dismissed as to the Nassiri defendants in November 2008. (Doc. # 54).

[2] Analysis of section 1292(d)(2) is persuasive in reviewing a motion for interlocutory appeal under section 1292(b). *See Abbey v. United States*, 89 Fed Cl. 425, 429 (2009).

(Doc. # 471, 2:6-9).

However, none of the case law[3] governing the timeliness of section 1292(b) motions is binding on this court. Despite the persuasive effect of this law, it does not warrant denying the Nassiri defendant's motion on this ground. Thus, despite the concerns that the court has regarding the Nassiri defendants' request for certification following a substantial amount of time passing and upon the eve of setting a trial date, the court looks to the merits of the motion.

2.   <u>Section 1292(b) Certification</u>

  *a)*   <u>*Legal Standard*</u>

The instant motion is brought pursuant to 28 U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order:*Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

A district court may certify an order for interlocutory appeal under 28 U.S.C. § 1292(b) if: (1) there is a controlling question of law; (2) there are substantial grounds for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. I*n re Cement Antitrust Litigation,* 673 F.2d 1020, 1026 (9th Cir. 1982).

"[S]ection 1292(b) requires that the district judge be 'of the opinion' that the criteria for section 1292(b) appeal are met," *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1339 (th Cir. 1976), and this section is intended "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation," *In re Cement Antitrust Litigation*, 673 F.2d at 1026. Further, "[s]ection 1292(b) is not intended to make denials of summary judgment routinely appealable." *Ahrenholz v. Board of Trustees of Univ. of Ill.*, 219 F.3d

---

[3] Case law provided both by plaintiffs and found on the court's own accord.
**James C. Mahan**
**U.S. District Judge**

- 3 -

674, 676 (7th Cir. 2000).

    *b)*    *Analysis*

        i.    *Controlling question of law*

The Nassiri defendants state that the Ninth Circuit's decision "on whether the opening of an Investigation by Allstate starts the running the Statute of Limitations in its Civil RICO claims involves a controlling question of law whose resolution will materially affect the continuance of the underlying litigation." (Doc. # 465, 5). Clearly, the effect a statute of limitations has on a case is a controlling question of law, as any claims falling outside of the four-year statute would be precluded from litigation.[4]

Thus, this element for interlocutory certification has been met.

        ii.    *Substantial basis for difference of opinion as to the law*

The Nassiri defendants rely on *Pincay v. Andrews*, 238 F.3d 1106 (9th Cir. 2001), for the premise that a "plaintiff is deemed to have had constructive knowledge if it had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the fraud." *Id.* at 1110 (citing *Beneficial Standard Life Ins. Co. v. Madariaga*, 851 F.3d 271, 275 (9th Cir. 1988)). (Doc. # 465, 3). The Nassiri defendants' reliance on this case is to determine what constitutes constructive notice for a civil RICO claim under *Grimmett v. Brown*, 75 F.3d 506, 611 (9th Cir. 1996).

On this point, the Nassiri defendants contend that there is a substantial difference of opinion as to the law. The Nassiri defendants look to this court's statements at the November 17, 2011, hearing where the court explains its understanding of when the statute of limitations could have started to run in light of plaintiffs' opening an investigation on defendants' billing practices. (Doc. # 465, 3). Based on these differences, the Nassiri defendants assert that "Certification for Appeal of this Court's Order will allow for immediate resolution of these differences." (Doc. # 465, 6).

---

[4] RICO claims have a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143 (1987).

1  However, the case that is so heavily relied on by the Nassiri defendants was never placed
2  before the court at the summary judgment stage. And "[s]ection 1292(b) is not intended to make
3  denials of summary judgment routinely appealable," *Ahrenholz,* 219 F.3d at 676, even if counsel
4  discovers a favorable case after the fact. Further, it is unclear the extent to which *Pincay* is
5  controlling provided the factual differences that give rise to the RICO claims in that case.[5] And
6  lastly, even if there was a substantial basis for difference of opinion as to the law; the motion
7  does not materially advance the ultimate termination of the litigation as required by the last
8  element for interlocutory appeal.

   *iii. Immediate appeal may materially advance the ultimate termination of the litigation*

   The Nassiri defendants assert that "resolution of whether the opening by Allstate of its investigation into Defendants' practices more than four years prior to filing suit would bar all of Plaintiff's claims and terminate this litigation." (Doc. # 465, 6).

   However, there are three remaining claims against the Nassiri defendants that were not raised in its motion for summary judgment. (Doc. # 353).[6] Although two of these claims are for relief (count nine for constructive trust and unjust enrichment and count eleven for declaratory relief), one count is substantive (count seven for Nevada State RICO).[7] Thus, even if the court certified the order for appeal, the Ninth Circuit accepted the appeal, and the Ninth Circuit reversed the court's order denying the motion for summary judgment, there would still be three claims that would be left to be litigated.[8] Therefore, reversal of the court's order would not end the litigation. Trial would still be necessary as to the claims not considered in the Nassiri defendants' motion for summary judgment.

---

[5] The impact *Pincay* has on plaintiffs' claims is beyond the scope of this analysis. The court addresses this argument for the narrow purpose of the instant motion.

[6] A statement in the motion for summary judgment asserting that state law claims are similarly barred, without more, is not sufficient to show how these state law claims (here, the Nevada RICO claim) are barred.

[7] Nevada state RICO claims have a statute of limitations for five years. N.R.S. 207.520.

[8] The court would continue have diversity jurisdiction over the remaining state law claim. (See Doc. # 1, 2:15-19, 2:25-3:36).

James C. Mahan
U.S. District Judge

- 5 -

1    Further, this matter has been litigated, as the parties are well aware, for four years and the
2    parties have recently submitted a joint pretrial order pursuant to court order (doc. # 469). Thus,
3    based on the current stage of litigation, an appeal on this matter will not "appreciably shorten the
4    time, effort or expense of conducting [the] lawsuit." *See In re Cement Antitrust Litigation*, 673
5    F.2d at 1027 (citations omitted). Instead, as this court has already stated, it would create further
6    unwarranted delay to an already laborious and protracted case.

## Conclusion

Notwithstanding the many months delay in filing the instant motion, the court considered the merits of the Nassiri defendants' request for certification. In exercising its discretion, the court finds that provided the current stage of litigation and the only partially dispositive nature of the order that is sought to be certified, the court declines to certify its December 5, 2011, order for interlocutory appeal.[9]

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Nassiri defendants' motion for certification of order for interlocutory appeal pursuant to 28 U.S.C.§ 1292(b) and FRAP Rule 5(a)(3) (doc. # 465) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the request for stay pending appeal (doc. # 465) be, and the same hereby is, DENIED.

. . .
. . .
. . .
. . .
. . .
. . .

---

[9] The Nassiri defendant's rely heavily on this court's invitation to "take [the issue] up to the Ninth Circuit" (doc. #461, 21:20-21); however, this invitation does not circumvent the requirements of section 1292(b), as the Nassiri defendants seem to cleverly imply by putting the court to its word. To be clear, the court continues to welcome litigants to exercise their right to appeal, but such a right does not exist here and the court, in its discretion, determines whether an interlocutory appeal is appropriate under these circumstances pursuant to section 1292(b).

**James C. Mahan**
**U.S. District Judge**

- 6 -

THEREFORE, IT IS ORDERED that the proposed amended order on motion for summary judgment, proposed order for certification for interlocutory appeal, and proposed order staying district court proceedings (doc. # 468) be, and the same hereby is, DENIED.

DATED September 6, 2012.

_____
**UNITED STATES DISTRICT JUDGE**