**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> OBTEEN N. NASSIRI, D.C., et al., <br><br> Defendants. | 2:08-CV-369 JCM (GWF) |

**ORDER**

Presently before the court is plaintiffs Allstate Insurance Company *et al.*'s motion requesting the court to take judicial notice. (Doc. # 490). The Noorda defendants[1] and the Nassiri defendants[2] responded. (Docs. # 517 & # 522). Plaintiffs replied. (Doc. # 547).

Also before the court is plaintiffs' omnibus motion in limine. (Doc. # 491). The Noorda defendants and the Nassiri defendants responded. (Docs. # 515 & # 521).[3]

Also before the court is plaintiffs' motion for adverse inference. (Doc. # 492). The Nassiri defendants responded. (Doc. # 520). Plaintiffs replied. (Doc. # 557).

---

[1] The Noorda defendants include Albert Noorda, M.D. and Maryland Medical Center, LLC.

[2] The Nassiri defendants include Obteen Nassiri, D.C.; Jennifer Nassiri; Advanced Accident Chiropractic Care; and Digital Imaging Services, aka Digital Imaging Services, LLC.

[3] Plaintiffs filed a reply in support of their motion in limine. (*See* doc. # 555). While CM/ECF populated a reply date for the briefing process on this motion, the District of Nevada Local Rules govern this district's procedure. Local rule 16-3 provides the procedure this district follows in regards to motions in limine. And local rule 16-3(b) states that "[r]eplies will be allowed only with leave of the Court." Here, plaintiffs did not seek leave of the court prior to filing this reply. The court declines to consider the reply as the reply is procedurally defective.

**James C. Mahan**
**U.S. District Judge**

1    Also before the court is plaintiffs' motion requesting the ability to read non-party, Ms. Diane
2    Ruhl's deposition into evidence. (Doc. # 493). The Noorda defendants and the Nassiri defendants
3    responded. (Docs. # 516 & # 523). Plaintiff replied. (Docs. # 545 & # 546).

4    **I.    Motions**

5        **A.    Motion requesting the court to take judicial notice (doc. # 490)**

6            **I.    Legal standard**

7    Fed. R. Evid. 201(b)(2) permits the court to "judicially notice a fact that is not subject to
8    reasonable dispute because it . . . can be accurately and readily determined from sources whose
9    accuracy cannot reasonably be questioned." Fed. R. Evid. 201(c)(2) states that the court "must take
10   judicial notice if a party requests it and the court is supplied with the necessary information."

11           **ii.   Discussion**

12   Plaintiffs request that the court take judicial notice of the Chiropractic Physicians' Board of
13   Nevada's (the "board") findings of fact, conclusions of law, and order rendered on December 9,
14   2010. (Doc. # 490, Ex. A). Nassiri appealed these findings to the Eighth Judicial District Court. The
15   district court affirmed the findings of fact and conclusions of law after Nassiri failed to comply with
16   a Nevada appellate procedural rule. Nassiri appealed the district court's findings to the Nevada
17   Supreme Court. The appeal is currently pending.

18   . . .
19   . . .
20   . . .
21   . . .
22   . . .
23   . . .
24   . . .
25   . . .
26   . . .
27   . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Plaintiffs request the court to take judicial notice of the fact that the board's findings *exist*,
2  not the truth of the facts. Plaintiffs argue that the findings are directly relevant to the causes of action
3  pleaded in their complaint. Specifically, the board's findings include that: Nassiri made improper
4  referrals to facilities he owned, and was not informing patients of his ownership interest; Nassiri was
5  billing for treatment not rendered; and Nassiri was keeping two sets of records.[4] Plaintiffs contend
6  that these findings fall within the public records exception to hearsay pursuant to Fed. R. Evid.
7  803(8)(A)(I-iii).[5]

8  The Noorda defendants oppose this request stating that the findings are inadmissible hearsay
9  and lack foundation. The Nassiri defendants oppose this request because the factual matter is in
10 dispute, that the findings are irrelevant because none of the board's finding relate to any of the 158
11 claims at issue in this litigation, and that the findings are unfairly prejudicial.

12 The court will take judicial notice of the board's findings of fact and conclusions of law. The
13 board's factual findings fall within the public records hearsay exception. *See* Fed. R. Evid.
14 803(8)(A)(I-iii). The scope of judicial notice is limited to the *existence* of the board's findings, not
15 the veracity of the findings therein. *See United States v. S. California Edison Co.*, 300 F. Supp. 2d
16 964, 974 (E.D. Cal. 2004) ("While a court may take judicial notice of a judicial or administrative
17 proceeding which has a 'direct relation to the matters at issue,' a court can only take judicial notice
18 of the *existence* of those matters of public record (the existence of a motion or of representations
19 having been made therein) but not of the *veracity* of the arguments and disputed facts contained
20 therein.") (emphasis in original).[6]

---

[4] A majority of the administrative findings relate solely to plaintiffs claims against Nassiri. However, there are two brief passages that relate to Noorda.

[5] Chapter 634 of the Nev. Rev. Stat. provides the board with power to investigate licensed chiropractor, hold administrative hearings, and suspend chiropractic licenses.

[6] However, judicial notice of the board's findings, because of the type of fact being noticed, does not require the court to instruct the jury to accept the noticed fact as conclusive pursuant to Fed. R. Evid. 201(f). To explain the difference in the type of facts–the court can judicially notice that the sun rose at a specific time on a specific day, and this is the *type of fact* that the court would instruct the jury to accept as conclusive. However, here, the court is judicially noticing the existence of the board's findings and not the veracity of the findings. Therefore, the requirement that the court instruct the jury to accept the noticed fact as conclusive is inapplicable here.

**B.     Omnibus motion in limine (doc. # 491)**

**I.     Legal standard**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1980). Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates,* 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion").

"[*I*]*n limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States,* 529 U.S. 753, 758 n.3 (2000); *accord Luce,* 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004).

**ii.     Discussion**

The court will address only those facts which are pertinent to resolution of the instant motion in limine.

**1)     Motion in limine no. 1 - to exclude the testimony of any witness or party not properly identified in defendants' discovery responses**

Plaintiffs move this court for an order prohibiting testimony of any witness or party not properly identified in defendants' discovery responses as a person with knowledge relevant to the subject on which they will testify. *See* FED. R. CIV. P. 26(a).

This motion is unopposed; therefore the court grants this request. Previously unidentified witnesses concerning the matters in this litigation are prohibited from testifying at trial. This

exclusion shall apply to both plaintiffs and defendants. However, a party may call a witness not properly identified if:

1. A material witness emerges that a party was not aware of and/or had no reasons to know about; or
2. A material witness not previously disclosed becomes a necessary witness as a result of testimony elicited during trial.

**2)  Motion in limine no. 2 - to exclude any evidence seeking to introduce testimony or reports of experts not properly listed as potential witnesses to be called at trial**

Plaintiffs move this court to exclude testimony or reports of expert witnesses who are not testifying in this matter. That is, plaintiffs seek an order prohibiting a witness or an expert witness from reading excerpts of a report or analysis of another individual who is not testifying in this action.

This motion is unopposed; therefore the court grants this request. This exclusion shall apply to plaintiffs and defendants.

**3)  Motion in limine no. 3 - to preclude defendants' experts from offering opinions no contained in their Rule 26 reports**

Plaintiffs move this court to limit expert witness testimony to that contained in their reports. *See* FED. R. CIV. P. 26(a)(2) and 37©). That is, plaintiffs seek an order prohibiting experts from offering testimony that goes beyond what is contained in their Rule 26 expert reports previously submitted to plaintiffs.

This motion is unopposed; therefore the court grants this request. This preclusion applies to plaintiffs and defendants.

**4)  Motion in limine no. 4 - to exclude evidence of compromise offers and negotiations**

Plaintiffs move this court to instruct defendants to refrain from mentioning, referring to or in any way alluding to offers of settlement or conduct or statements made pursuant to these negotiations. *See* FED. R. EVID. 408(a).

**James C. Mahan**
**U.S. District Judge**

1  This motion is unopposed; therefore the court grants this request. This exclusion applies to
2  plaintiffs and defendants.

### 5) Motion in limine no. 5 - to exclude witnesses from the courtroom during the testimony of other witnesses

Plaintiffs request that all witnesses or potential witnesses be precluded from remaining inside the courtroom during testimony of other witnesses. *See* FED. R. EVID. 615.

This motion is unopposed; therefore the court grants this request. This exclusion applies to plaintiffs and defendants.

### 6) Motion in limine no. 6 - to preclude defendants from referring to the name of each and every attorney in plaintiffs' law firms

Plaintiffs request that the court prohibit defendants from a seriatim reading of all counsel at plaintiffs' law firms: McCormick Barstow LLP and Atkin, Winner & Sherrod. Plaintiffs contend that focusing on the size of the law firm representing a party is a blatant attempt to prejudice the jury. Plaintiffs assert that simply asking whether a prospective juror is familiar with anyone from "law firm X, Y & Z" would be sufficient to determine whether a juror knows either party's counsel. The Nassiri defendants oppose this request.

This court conducts voir dire. The court does not find it necessary to list every attorney at each law firm to determine whether a prospective juror may have a bias in favor of either party based on the party's counsel. Counsel present in the courtroom will be permitted to introduce themselves, this introduction is sufficient to determine whether a prospective juror knows counsel representing either party. This motion is granted.

### 7) Motion in limine no. 7 - to preclude any reference to the financial condition of any party of the health of any individual defendant or witness

Plaintiffs request that the court preclude testimony related to the financial conditions of plaintiffs or defendants as defendants may attempt to use this to the garner sympathy from the jury. *See* FED. R. EVID. 401 and 403. Plaintiffs also request that defendants be precluded from

commenting on the health of any individual defendant or witness. *See id.*

The Nassiri and the Noorda defendants oppose this request as to the health of witnesses who are not able to testify. Defendants assert that they should be able to explain why certain witnesses are unable to testify due to health conditions or because the witness has recently passed away.

The court grants this motion as to the financial condition of defendants or plaintiffs. The court denies this motion as to the health condition of any individual defendant or witness. Defendants shall be permitted to reference a witness' medical condition as necessary to account for his or her absence from trial.

**8) Motion in limine no. 8 - to preclude any reference to any past or pending lawsuits, administrative actions or investigations concerning plaintiffs or by the plaintiffs**

Plaintiffs move this court to preclude evidence of any past or pending lawsuit or administrative action against any plaintiff; any past or pending investigations by any governmental or administrative body concerning any plaintiff; or any evidence of any other lawsuit or investigation by any plaintiff. Plaintiffs contend that these proceedings are irrelevant and would tend to confuse or mislead the jury. *See* FED. R. EVID. 401 and 403.

The Noorda defendants oppose this motion on the basis that the request does not reference any specific lawsuit or investigation. The court finds the instant request too vague to determine whether evidence of these proceedings is relevant to the case at bar. On this basis, the court denies this request; however, plaintiffs may object to any specific references made by defendants that plaintiffs believe to be irrelevant or likely to confuse the jury.

**9) Motion in limine no. 9 - to preclude any reference to compensation of plaintiff' employees**

Plaintiffs move the court to preclude evidence of any compensation of plaintiffs' employees or officers because the compensation is irrelevant and would tend to confuse or mislead the jury. *See* FED. R. EVID. 401 and 403.

James C. Mahan
U.S. District Judge

- 7 -

1  The Nassiri defendants oppose this request stating that Aaron Patterson, an employee of Allstate, is plaintiffs' damages expert. As an expert witness, defendants are entitled to question Patterson regarding his compensation because this testimony is related to whether his opinion is based upon bias.

Since Patterson is an employee of Allstate and plaintiffs' damages expert, the court denies this request. Defendants may inquire as to Patterson's compensation as it relates to this trial.

### 10) Motion in limine no. 10 - to preclude any testimony, expert opinion or purported evidence of plaintiffs' claim handling practices

Plaintiffs move to preclude any testimony, expert opinion or purported evidence that plaintiffs' claims handling methods are fraudulent or violate any statute. Plaintiffs argue that such matters are irrelevant, would tend to confuse or mislead the jury, and is an improper attack on a witnesses' credibility. *See* FED. R. EVID. 401, 403, and 610.

The Nassiri defendants and the Noorda defendants oppose this request. Defendants contend that this litigation is based on the allegation that defendants improperly inflated patients' medical bills causing plaintiffs to pay more in bodily injury settlements than they would have otherwise. Thus, the manner in which plaintiffs' employees handled these claims is highly relevant to both plaintiffs' and defendants' cases.

Testimony relating to plaintiffs' claims handling practices is highly relevant to the instant matter–thus, the court denies plaintiffs' request. Further, plaintiffs' request to exclude evidence that plaintiffs' practices are fraudulent or are violative of any statute, is too vague to grant. To the extent that testimony is elicited during trial that plaintiffs believe to be irrelevant or misleading to the jury regarding its claims handling practices, plaintiffs may object.

### 11) Motion in limine no. 11 - to preclude any reference to the intent of plaintiffs in bringing this action

Plaintiffs move this court to preclude any testimony, expert opinion or purported evidence concerning any supposed wrongful intent or motivation of plaintiffs, including any supposed goal

**James C. Mahan**
**U.S. District Judge**

- 8 -

or intent of plaintiffs to attack or target claimants, healthcare providers, attorneys or others, in filing any lawsuit, including the present lawsuit. Plaintiffs contend that such matters are irrelevant, would tend to confuse and mislead the jury, and are prejudicial. *See* FED. R. EVID. 401 and 403.

The Nassiri defendants oppose this request arguing that the basis for the investigation and when the investigation began go to the heart of many of their defenses in this mater.

The court grants this motion. Plaintiffs' motion is limited to its alleged wrongful intent in bringing the instant lawsuit; not when the investigation began or what information plaintiffs had when they decided to bring this lawsuit. Thus, the granting of this motion does not impact any of the Nassiri defendants' defenses that relate to the pre-litigation investigation.

**12) Motion in limine no. 12 - to preclude any inflammatory statements concerning plaintiffs**

Plaintiffs request the court to preclude any testimony, expert opinion, or purported evidence that plaintiffs committed acts of fraud, "corporate fraud", is a" Goliath", a "Behemoth" or similarly inflammatory statement concerning plaintiffs. *See* FED. R. EVID. 401 and 403.

It is untenable for the court to monitor every statement made by counsel. The motion is denied. If inflammatory statements are made during trial, plaintiffs may object at trial.

**13) Motion in limine no. 13 - to preclude any reference to treble damages**

Plaintiffs request the court to preclude any reference to the jury that plaintiffs would be entitled to treble damages upon an affirmative finding on the federal and Nevada RICO claims. *See* FED. R. EVID. 401 and 403.

The Nassiri defendants oppose this request stating that it would not be fair to give the jurors a partial explanation of the law and that because plaintiffs would get treble damages under a RICO claim, the jury should be able to infer plaintiffs' motive in bringing this type of claim. Further, defendants argue that plaintiffs could have brought a non-RICO claim but chose not to.

The court grants this motion. Whether plaintiffs are entitled to treble damages is not relevant to the jury's responsibility as the finder of fact to determine whether plaintiffs have met their burden

James C. Mahan
U.S. District Judge

- 9 -

1  to establish the elements of a RICO claim. Defendants are precluded from referencing that plaintiffs
2  are entitled to treble damages upon an affirmative finding under either RICO claim.

3        **14)    Motion in limine no. 14 - to preclude any testimony by defendant**
4                  **Nassiri on matters which he had pled the Fifth Amendment right**
5                  **against self-incrimination**

6      Plaintiffs request the court to preclude testimony by defendant Nassiri on matters that he pled
7  the Fifth Amendment right against self-incrimination at his deposition. That is, Nassiri should not
8  be permitted to withdraw the privilege and present testimony as to those issues that he previously
9  chose to invoke the protections of the Fifth Amendment.

10      The Nassiri defendants oppose this request arguing that the cases cited by plaintiff, *see SEC*
11  *v. Softpoint, Inc.*, 958 F.Supp. 846 (S.D.N.Y. 1997), *see also Francis v. Wynn*, 262 P.3d 705 (Nev.
12  2011), are inapplicable here. In those cases, the court did not permit the defendant to testify where
13  the invocation of the Fifth Amendment was based on reasons other than protecting the defendant's
14  constitutional rights or where the court found that the defendant had acted in bad faith in asserting
15  the Fifth Amendment. Further, the Nassiri defendants argue that plaintiffs have failed to identify
16  what specific questions it seeks to have the court preclude Nassiri from answering.

17      The court denies this motion. While plaintiffs need not identify the specific questions that
18  they wish to preclude Nassiri from answering–the motion must still specify which topics plaintiffs
19  believe this preclusion applies to. Given the vagueness of this request, the court declines to apply
20  a blanket prohibition without knowing what areas of testimony plaintiffs specifically seek to
21  preclude.

22        **15)    Motion in limine no. 15 - to preclude any reference to the fact**
23                  **that plaintiff has retained or consulted with a trial or jury**
24                  **consultant**

25      Finally, plaintiffs argue that they must not be required to introduce their jury consultant as
26  a jury consultant. Plaintiffs argue that any attempts by defendants to reference or disclose that
27  plaintiffs have retained the services of a jury consultant must be prohibited as it is not relevant and
28

**James C. Mahan**
**U.S. District Judge**

- 10 -

not probative. *See* FED. R. EVID. 401 and 403. Plaintiffs state that the consultant can be identified as a member of their litigation team.

The Nassiri defendants and the Noorda defendants oppose this request arguing that evidentiary rules do not apply during voir dire.

The court grants this motion. It is sufficient for plaintiffs' jury consultant to introduce him or herself as a member of plaintiffs' litigation team.

### C. Motion for adverse inference (doc. # 492)

This motion is related to plaintiffs' motion in limine no. 14, *see supra* I.B.ii

Plaintiffs seek an order from the court instructing the jury to infer, based on Nassiri's invocation of the Fifth Amendment, that his testimony would have been harmful to the position he has taken in this case. *See Baxter v. Palmigiano*, 425 U.S. 308, 309 (1976); *see also LaChance v. Erickson*, 522 U.S. 262, 267-68 (1998). Plaintiffs contend that Nassiri has invoked his Fifth Amendment right against self incrimination as to any questions related to marketing and outside referral sources, self-referrals to businesses he owns, and questions about his personal and business financial information.

The Nassiri defendants oppose this request because plaintiffs requested jury instruction is too generalized; because plaintiffs have not come forward with any independent evidence to warrant an adverse inference being drawn, *see Doe v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000; and because the request is premature.

The court finds that the instant request to be premature. This motion is denied without prejudice.

### D. Motion requesting the ability to read non-party deposition into evidence (doc. # 493)

Plaintiffs filed the complaint in this matter on March 20, 2008. Plaintiffs then took the deposition of Diane Ruhl, a physician assistant who worked at Maryland Medical Center, LLC, in another matter, *Ramirez v. Yarbrough,* on June 3, 2008. Plaintiffs then sought to take Ruhl's deposition in this case and the Noorda defendants filed an emergency motion for protective order

1  to preclude plaintiffs from taking Ruhl's deposition. The Noorda defendants argued that taking her
2  deposition would be duplicative and cumulative because plaintiffs had already taken Ruhl's
3  deposition on all relevant topics in this case. Following a hearing on the matter, the court granted the
4  Noorda defendants' motion.

5  Plaintiffs now request the ability to read non-party, Diane Ruhl's deposition into evidence
6  under Fed. R. Civ. P. 32(a)(4) and Fed. R. Civ. P. 29(b). Plaintiffs state that they hired a private
7  investigator (affidavit of Mike Smith, doc. # 493, Ex. C) and he found only one address belonging
8  to Ruhl–a P.O. Box in Beaver, Utah. According to Good maps, Beaver, Utah is 227 miles from Las
9  Vegas, Nevada. (*See* doc. # 493, Ex. D). Since, Ruhl is more than 100 miles from Las Vegas, the
10 venue for this matter, plaintiffs request that the transcript from the *Ramirez* matter be permitted to
11 be read into evidence pursuant to Fed. R. Civ. P. 32(a)(4)(B).

12 Plaintiffs further contend that this matter presents "exceptional circumstances" as required
13 under Fed. R. Civ. P. 32(a)(4)(E) because the protective order precluded plaintiffs from taking
14 Ruhl's deposition in this matter. Plaintiffs argue that the Noorda defendants should not be rewarded
15 by requiring plaintiffs to call Ruhl as a witness without having had the opportunity to depose her in
16 this matter.

17 Last, plaintiffs argue that the requirements of Fed. R. Civ. P. 29(b) have been satisfied by the
18 Noorda defendants when they filed their motion to preclude plaintiffs from taking Ruhl's deposition.

19 The Nassiri defendants oppose this request. The Nassiri defendants argue that there is
20 insufficient evidence to establish that Ruhl resides more than 100 miles from this court; and that they
21 did not have an opportunity to cross-examine Ruhl during the *Ramirez* deposition.

22 The court grants this motion. The court finds that there is sufficient evidence to establish that
23 Ruhl resides more than 100 miles from Clark County and therefore it is proper to read her deposition
24 transcript into evidence at trial under Fed. R. Civ. P. 32(a)(4)(B). Any inability to cross-examine
25 Ruhl was due to the Nassiri defendants' own delay. Further, the Noorda defendants already stipulated
26 to the introduction of Ruhl's deposition in this matter. (Doc. # 516, Ex. 1, 9:19-21). Thus, the court
27 will permit the reading of Ruhl's deposition into evidence; however, defendants will be permitted
28

**James C. Mahan**
**U.S. District Judge**

- 12 -

to assert all appropriate objects to the specific testimony plaintiffs intend to introduce.

**II.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs Allstate Insurance Company *et al.*'s motion requesting the court to take judicial notice (doc. # 490) be, and the same hereby is, GRANTED consistent with section I.A.ii, *supra*.

IT IS FURTHER ORDERED that plaintiffs' omnibus motion in limine (doc. # 491) be, and the same hereby is, GRANTED in part and DENIED in part consistent with section I.B.ii, *supra*.

IT IS FURTHER ORDERED that plaintiffs' motion for adverse inference (doc. # 492) be, and the same hereby is, DENIED without prejudice consistent with section I.C.ii, *supra*.

IT IS FURTHER ORDERED that plaintiffs' motion requesting the ability to read non-party, Ms. Diane Ruhl's deposition into evidence (doc. # 493) be, and the same hereby is, GRANTED consistent with section I.D.ii, *supra*.

DATED May 30, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**