UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALLSTATE INSURANCE COMPANY, et al.,

    Plaintiffs,

v.

OBTEEN N. NASSIRI, D.C., et al.,

    Defendants.

2:08-CV-369 JCM (GWF)

**ORDER**

Presently before the court is plaintiffs Allstate Insurance Company et al.'s post-trial motion requesting treble damages. (Doc. # 615). Defendant Obteen Nassiri responded (doc. # 619),[1] and plaintiffs replied (doc. # 620).

**I.    Background**

This is an insurance fraud case brought against a chiropractic doctor Obteen Nassiri, his wife Jennifer Nassiri, and related entities. The case arises out of 158 auto accident claims that defendants fraudulently handled between 2001 and 2007. In June 2013, the court conducted a 10-day jury trial at which the jury awarded compensatory damages of $1,198,748.82 pursuant to two federal

---

[1] The court notes that this opposition is filed by an attorney who is not counsel of record in this case and has not filed a notice of appearance or association in this matter. The response is the first time counsel has made an appearance in this matter. The court could refuse to consider the opposition in its entirety and find the instant motion unopposed. Further, to the extent the response is considered, it is filed on behalf of Obteen Nassiri only. Therefore under local rule 7-2(d), the other defendants' failure to file a timely response to any motion constitutes their consent to the granting of the motion. Thus, on this basis alone, the court may properly grant plaintiffs' motion for treble damages against Advanced Accident Chiropractic Care and ONN Management. Despite these shortcomings, the court, in good faith, turns to the merits of the motion.

**James C. Mahan**
**U.S. District Judge**

Racketeering Influenced and Corruption Organization ("RICO") causes of action and a Nevada RICO cause of action against defendants Obteen Nassiri, Advanced Accident Chiropractic Care, and ONN Management (dba Digital Imaging Services and Digital X-Ray Services, LLC). (Docs. # 612-613).

Now plaintiffs request the court to award treble damages. Plaintiffs argue that 28 U.S.C. § 1964© and relevant case law clearly indicate that treble damages are mandatory to a prevailing plaintiff on a federal RICO cause of action. Further, plaintiffs argue that Nevada RICO also provides for treble damages. Plaintiffs seek a judgment awarding Allstate $3,596,246.46 for each RICO cause of action (which is treble the compensatory damages of $1,198,748.82).[2]

## II. Legal standard

Federal RICO regarding treble damages provides as follows:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final.

18 U.S.C. § 1964©.

Nevada RICO regarding treble damages states that "[a]ny person who is injured in his or her business or property by reason of any violation of NRS 207.400 has a cause of action against a person causing such injury for three times the actual damages sustained." NRS § 207.470(1).

## III. Discussion

Having reviewed 18 U.S.C. § 1964©, the court finds that it is required to treble damages. *See e.g., Monex Deposit Co. v. Gilliam*, SACV09287JVSANX, 2010 WL 2380873 (C.D. Cal. May 24, 2010) (stating that "The Court agrees that it must treble the $613,350 in compensatory damages because of Monex's RICO claim." *Id.* at *3) (citing 18 U.S.C. § 1964© ("Any person injured in his

---

[2] This request is limited to an order that plaintiffs are entitled to treble damages under each RICO cause of action–not an actual award of treble damages under each RICO cause of action.

**James C. Mahan
U.S. District Judge**

- 2 -

1  business or property by reason of a violation of section 1962 of this chapter may sue therefor in any
2  appropriate United States district court and shall recover threefold the damages he sustains . . . .");
3  *see also Genty v. Resolution Trust Corp.*, 937 F.2d 899, 914 (3d Cir. 1991) (noting RICO's
4  "*mandatory* provision for treble damages") (emphasis in original); *Jones v. Phipps*, 39 F.3d 158, 161
5  (7th Cir. 1994) (upholding default judgment that was trebled from $310,991.40 to $932,974.20
6  pursuant to 18 U.S.C. § 1964©)). Accordingly, plaintiffs are entitled to treble damages under §
7  1964©.

Plaintiffs argue that under Nevada case law there a presumption that treble damages are mandatory pursuant to NRS § 207.470. (*See* doc. # 615, 5:5); *see also Allum v. Valley Bank of Nevada*, 849 P.2d 297 (Nev. 1993); *see also Hale v. Burkhardt*, 764 P.2d 866 (Nev. 1988). However, it does not appear that any Nevada cases directly discuss whether treble damages are discretionary or mandatory. But the Nevada Supreme Court has acknowledged that "[t]he similarities between NRS § 207.470(1) and 18 U.S.C. § 1964© are clear." *Allum*, 849 P.2d at 286 n.5; *Hale*, 764 P.2d at 867. The court finds that the Nevada Supreme Court's acknowledged similarities between Nevada and federal RICO warrant similar treatment of the statutes.[3] Accordingly, plaintiffs are entitled to treble damages under NRS § 207.470.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs Allstate Insurance Company et al.'s post-trial motion requesting treble damages (doc. # 615) be, and the same hereby is, GRANTED consistent with the foregoing.

. . .

. . .

. . .

---

[3] "When a decision turns on applicable state law, and the state's highest court has not adjudicated the issue, the . . . [federal] court must make a reasonable determination, based upon such recognized sources as statutes, treatises, restatements and published opinions, as to the result that the highest state court would reach if it were deciding the case." *Molsbergen v. U.S.*, 757 F.2d 1016, 1020 (9th Cir. 1985).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    IT FURTHER ORDERED that plaintiffs are entitled to treble damages pursuant to 18 U.S.C.
§ 1964© and NRS § 207.470(1). IT IS THEREFORE ORDERED that plaintiffs are awarded
$3,596,246.46, which is treble $1,198,748.82 of compensatory damages.

DATED July 15, 2013.

_____
**UNITED STATES DISTRICT JUDGE**