# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALLSTATE INSURANCE COMPANY, et al.,

        Plaintiffs,

v.

OBTEEN N. NASSIRI, D.C., et al.,

        Defendants.

2:08-CV-369 JCM (GWF)

**ORDER**

Presently before the court is a motion for a new trial filed by defendants Obteen Nassiri, D.C., Jennifer Nassiri, Advanced Accident Chiropractic Care, and ONN Management d/b/a Digital Imaging Services and Digital X-Ray Services, LLC ("O Management"). (Doc. # 657). Plaintiffs Allstate Insurance Company, Allstate Property and Casualty Company, and Allstate Indemnity Company filed a response in opposition. (Doc. # 662). Defendants then filed a reply. (Doc. # 664).

Also before the court is plaintiffs' motion for attorneys' fees. (Doc. #641). Defendants failed to file a response to this motion.

**I.    Background**

The instant suit sought recovery against Dr. Nassiri and his business entities for violations of both Nevada and federal RICO statutes by exaggerating clinical findings, submitting diagnoses that were not within a degree of medical probability, charging for treatments that were not administered, providing unnecessary and excessive chiropractic treatment, grossly misrepresenting billings, making inappropriate referrals and exhibiting a general pattern of illegal, fraudulent and

**James C. Mahan**
**U.S. District Judge**

other damaging conduct over the course of a number of years. This inflation of medical bills caused plaintiffs to overpay for settlements in litigation over the patients' injuries.

Following the trial in this case, the jury returned a verdict finding defendants Obteen Nassiri, Advanced Accident Chiropractic Care, and ONN Management liable for fraud, intentional misrepresentation, consp,iracy to defraud and violations of Nevada and federal RICO statutes. The jury awarded plaintiffs actual damages of $1,198,748.82.00 for these claims. The jury also found Jennifer Nassiri liable for negligent misrepresentation and awarded damages of one dollar.

The jury also found that defendants Obteen Nassiri, Advanced Accident Chiropractic Care, and ONN Management committed fraudulent and/or malicious conduct warranting punitive damages. The jury awarded punitive damages against defendant Obteen Nassiri in the amount of $1,678,248.34, against defendant Advanced Accident Chiropractic Care in the amount of $719,249.29, and against defendant ONN Management in the amount of $119,874.88. Subsequently, the court awarded plaintiffs treble damages of $3,596,246.46 under the federal and Nevada RICO statutes.

Defendants' motion seeks a new trial pursuant to Federal Rule of Civil Procedure 59.

**II.   Legal Standard**

"A court may, on motion, grant a new trial to all or some of the issues-and to any party- . . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Rule 59 does not specify the grounds on which a motion for new trial may be granted." *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 729 (9th Cir. 2007). A court may grant a new trial only on "grounds that have been historically recognized." *Id.* "Historically recognized grounds include, but are not limited to, claims that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Id.* The Ninth Circuit has also held that, "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000).

**James C. Mahan
U.S. District Judge**

- 2 -

Courts apply a lower standard of proof to motions for new trial than they do to motions for judgment as a matter of law. A verdict may be support by substantial evidence, yet still be against the clear weight of evidence. *Molski,* 481 F.3d at 729. Unlike a motion for judgment as a matter of law, in addressing a motion for new trial, "[t]he judge can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." *Id.* Instead, if, "having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed," then the motion should be granted. *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371-72 (9th Cir. 1987). However, a motion for new trial should not be granted "simply because the court would have arrived at a different verdict." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002). The court should uphold a jury's award of damages unless the award is based on speculation or guesswork. *See City of Vernon v. S. Cal. Edison Co.,* 955 F.2d 1361, 1371 (9th Cir. 1992).

**III.    Discussion**

Defendants first argue that the evidence on the record is insufficient to support the jury's verdict because plaintiffs' evidence detailed only the involvement of five patients with defendant Nassiri's practice, but defendants were found liable for fraudulent conduct relating to 156 patients. However, this argument disregards the testimony of plaintiffs' expert, Dr. Craig Little. Dr. Little directly stated that he had reviewed all 156 case files in question and had found that there were consistent patterns of misrepresentation and fraud. (Doc. # 625 p. 171). He testified that several very specific statements relating to the severity of these patients' injuries were repeated throughout a majority of the 156 case files that he reviewed, even when these symptoms were entirely inconsistent with the injuries suffered by the patient. (Doc. # 625 p. 175, 178-80).

Dr. Little also gave specific examples of impossible diagnoses appearing in the files, such as a conclusion that a patient had suffered from insomnia following auto accident, when the diagnosis took place on the same day as the accident. (Doc. # 625 p. 179-80). After walking through several other examples of impossible diagnoses, Dr. Little stated that such occurrences were common in the 156 files he reviewed, and were not limited to the specific case files he directly

1  referred to during his testimony.

2      On cross-examination, defendants had the opportunity to question Dr. Little regarding all of
3  the patient files involved in this matter. Defendants could have asked Dr. Little to point to specific
4  evidence of fraud in any one of the 156 case files he reviewed, but they chose not to.

5      The record demonstrates that there was enough evidence to support the jury's verdict that
6  defendants had engaged in fraud with all of the 156 patients in question. Plaintiffs were not obligated
7  to provide an individual narrative detailing the injuries and medical treatment of each of the 156
8  patients in order to prove that misrepresentations were made in the medical files. The fact that
9  defendants chose not to demand evidence relating to more of the individual case files during Dr.
10  Little's cross-examination does not create an adequate ground to grant a new trial.

11      Next, defendants argue that they suffered prejudice because they were not allowed, during
12  their closing argument, to refer to the total number of patients Dr. Nassiri had seen during the times
13  relevant to this lawsuit. However, the transcript clearly shows that the court did permit such a
14  reference during defendants' closing argument:

16      MR. AGWARA: . . . We are going to go look at some of his
       patients' records. Dr. Nassiri testified on the stand that he
17      treated -- his place, his clinic treated over 5,300 patients.
       Allstate picked out 156.

18      MR. CANNON: Objection, Your Honor. This directly
19      violates a Court order.

20      THE COURT: I never ruled on that.

21      MR. AGWARA: Thank you, Judge.

22      THE COURT: This is why -- this is argument, so I
       will allow it, and you can respond appropriately.
23

       MR. AGWARA: They picked out 156, and they put their
24      army of investigators to crawl through.

25
   (Doc. # 621 p. 62-63)
26
   . . .
27
   . . .
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  Because defendants were not actually prevented from referencing the total number of patients
2  seen by Dr. Nassiri, a new trial is not warranted on this ground.

3  Finally, defendants argue that the testimony of plaintiffs' expert Aaron Patterson
4  demonstrates that the evidence was insufficient to support the jury's verdict. Patterson's testimony
5  involved the application of a formula used by Allstate to determine the monetary amounts for which
6  the disputes involved in this matter would have settled if not for defendants' fraud.

7  While defendants assert that Patterson's testimony demonstrates a failure by plaintiffs to
8  prove each particular claim, the excerpts they reference merely discuss Patterson's use of an
9  objective mathematical formula to determine the damages suffered by plaintiffs. The mere fact that
10 plaintiffs relied on an objective numerical formula to determine the damages at issue in this case
11 does not indicate that their evidence was insufficient.

12 Accordingly, defendants' motion for a new trial will be denied.

13 Plaintiffs have submitted a motion for attorneys' fees (doc. # 641) to which defendants have
14 failed to respond. 18 U.S.C. § 1964(c) provides that a plaintiff who prevails on claims under federal
15 RICO provisions "shall recover threefold the damages he sustains and the cost of the suit, including
16 a reasonable attorney's fee."

17 Additionally, Nev. Rev. Stat. 207.470 provides that plaintiffs who prevail on claims under
18 Nevada's RICO statute "may also recover attorney's fees in the trial and appellate courts and costs
19 of investigation and litigation reasonably incurred."

20 Accordingly, the court finds that plaintiffs are entitled to an award of attorneys' fees, as well
21 as an award of the costs incurred by plaintiffs in investigating and litigating this matter. Considering
22 the magnitude and complexity of the claims in this case, the court finds that an award of
23 $1,418,769.37, as put forward by plaintiffs, is reasonable. Plaintiffs will also be awarded pre- and
24 post-judgment interest on this amount.

25 Accordingly,

26 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for a
27 new trial (doc. # 657) be, and at the same time hereby is, DENIED.

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

IT IS FURTHER ORDERED that plaintiffs' motion for attorneys' fees (doc. # 641) is GRANTED. Plaintiffs shall submit a proposed order within fourteen days itemizing the fees and expenses, and specifying the amount of interest to be awarded.

IT IS FURTHER ORDERED that defendants' motion to stay (doc. # 639) is DENIED as moot.

DATED March 14, 2014.

_____
UNITED STATES DISTRICT JUDGE